# BUGAJEWITZ v. ADAMS, UNITED STATES IMMIGRATION INSPECTOR.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 239.  Submitted April 21, 1913.—Decided May 12, 1913.

Congress has power to order the deportation of aliens whose presence in the country it deems hurtful; and this applies to prostitutes regardless of the time they have been here.

The determination of whether an alien falls within the class that Congress had declared to be undesirable, by facts which might constitute a crime under local law, is not a conviction of crime, nor is deportation a punishment.

The prohibition of *ex post facto* laws in Art. I, § 9 of the Federal Constitution has no application to the deportation of aliens.

There is a distinction between the words "as provided" and "in the manner provided"; the former may be controlled by an express limitation in the statute while the latter must not be so controlled; and so *held* that the limitation in § 3 of the act of February 20, 1907, was stricken out by the act of February 26, 1910, notwithstanding a reference in the latter act to a section in the former act in which the limitation was referred to.

THE facts, which involve the power of Congress to deport aliens and the construction of the acts of Congress relating to deportation of alien prostitutes, are stated in the opinion.

*Mr. Joshua Freeman Grozier* and *Mr. John A. Deweese* for appellant:

This act deprives the "prisoner" of her liberty "without" due process of law and is contrary to the Fifth Amendment.

This provision of the Federal Constitution means "by process of law" as understood at the time of adopting this provision of the Constitution. "Due process of law" in our judicial system takes the place of the "law of the land" under the Magna Charta. 2 Kent Com. (5th ed.), 13; Story on Const., § 1783; *Taylor* v. *Porter,* 4 Hill, 146; *Fletcher* v. *Peck,* 6 Cranch, 138; *Vandant* v. *Waddell,* 2 Yerger, 260; *Bank of California* v. *Oakley,* 4 Pet. 443.

"By due process of law" is not simply meant an act of Congress, but law in its regular course of administration through the courts of justice. See Kent Com., p. 620; *Green* v. *Briggs,* 1 Curtis, 325; *Menges* v. *Dentler,* 33 Pa. St. 495; *Hoke* v. *Henderson,* 4 Dev. 15; *Jones* v. *Perry,* 10 Yerger, 59; *Brown* v. *Hummel,* 6 Pa. St. 86; 1 Kent Com., § 24 (and note "C").

By "Judicial Power in the Constitution" is meant that source of power which was recognized and understood to be such at the time of the adoption of the Constitution.

See Federalist, 80; 2 Brock, 477. "Persons" in the Constitution of the United States applies to aliens. See *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Wong Wing* v. *United States*, 163 U. S. 238.

The term "person" in the Fifth Amendment is broad enough to include any and every human being within the jurisdiction of the Republic; a resident alien is entitled to the same protection under the law of the country as a citizen is entitled to. *Wong Wing* v. *United States*, 163 U. S. 242; *Yick Wo* v. *Hopkins*, 118 U. S. 356, 368; *In re Oh Long*, 3 Sawy. 157; *Ho Ah Kow* v. *Nunan*, 5 Sawy. 552; *Carlisle* v. *United States*, 16 Wall. 147; *In re Chow Goo Pooi*, 25 Fed. Rep. 77; *In re Lee Tom*, 18 Fed. Rep. 253; *In re Wong Tong*, 6 Sawy. 232.

An alien is a "person" within the meaning of the Fourteenth Amendment. *In re Parrott*, 1 Fed. Rep. 481–511; *State* v. *Montgomery*, 47 Atl. Rep. 165; 94 Maine, 192; 80 Am. State Rep. 386.

An alien is entitled to the protection of the Fourteenth Amendment. *Carlisle* v. *United States*, 16 Wall. 147.

The act of Congress does not only attempt to exclude aliens and to deport aliens, but delegates to the executive branch of the Government the right to try aliens for crimes and to pass judgment in the premises and to deport them as convicted criminals in the judgment of executive branch of the Government. While the Government has the right to exclude aliens and to prevent them from entering the territory of the Government, and also has the right to deport them after they have entered the territory of the United States, (see 149 U. S. 698), the act involved here is not only attacked because it attempts to exclude aliens, but because it attempts to delegate to the executive branch of the Government the right to try aliens, and brand them as criminals, and because they are criminals, to deport them. The act in question must stand together or fall together. It is in-

capable of separation. In other words it is so constructed that the court cannot declare one part constitutional and the other part unconstitutional. It must stand as an entirety, or fall as an entirety. See *People* v. *Cooper*, 83 Illinois, 585; *Ex parte Towels*, 48 Texas, 413; *Santo* v. *State*, 2 Clark (Iowa), 165; *Reed* v. *Railroad*, 33 California, 212; *Campau* v. *Detroit*, 14 Michigan, 276; *State* v. *Commissioners*, 5 Oh. St. 497; *West. Un. Tel. Co.* v. *State*, 62 Texas, 630.

The court cannot construe a constitutional provision as merely directory but as mandatory. *People* v. *Lawrence*, 36 Barber (N. Y.), 117; Cooley on Const. Lim. 74–83.

Anarchy is one of the severest crimes known to the law: even worse than that of treason. An anarchist not only seeks to repudiate his allegiance to his sovereign, not only attempts to destroy the government of his sovereign, but he seeks to destroy all governments. Therefore, anarchy is the blackest crime known to the law. See *Lewis* v. *Daily News*, 32 Atl. Rep. 246; *Spies* v. *People*, 122 Illinois, 1; *People* v. *Most*, 53 N. Y. Supp. 220.

This act authorizes the executive branch of the Government to try, pass judgment upon and convict the most respectable and honorable person within the territory of the United States, who is not a citizen of this Government, of the blackest crime as a reason for deporting said person. The act provides that all prostitutes shall be deported. Prostitution is a crime under the law. See *State* y. *Stoyell*, 54 Maine, 27; *State* v. *Rice*, 56 Iowa, 431; *Springer* v. *State*, 16 Tex. App. 593; *Carpenter* v. *People*, 8 Barber, 610; 108 Missouri, 575; 98 Alabama, 16. Consult also Bouvier's Law Dict.; Anderson's Dict. of Law; Black's Law Dict.

The judicial branch of the Government under our Constitution is the only branch of the Government that has authority to try, convict and to pass judgment as to a

crime. Under the Constitution every "person" within the territory of the United States is entitled to a fair and impartial trial by "due process of law." before being branded as a criminal, and this includes every person, aliens as well as citizens. 3 Am. and Eng. Ency. of Law (1st ed.), p. 681; Cooley on Const. Lim. 87; Story on Const. Lim. 518–585; Federalist, 47; 1 Blackstone Com. 146.

The law being unconstitutional, the prisoner should be discharged, for an unconstitutional law is no law at all. See *Ex parte Seibold*, 100 U. S. 371.

*Mr. Assistant Attorney General Harr* for appellee:

No point is made, in this case, that Congress did not intend, by omitting the three-year limitation, to remove that limitation upon the authority to deport contained in the act of 1907. Such purpose is clear, and the amendatory act of 1910 has been uniformly so construed. *Mango* v. *Weis*, 181 Fed. Rep. 860; *Brion* v. *Prentis*, 182 Fed. Rep. 894; *Dickman* v. *Williams*, 183 Fed. Rep. 904; *United States* v. *North German Lloyd S. S. Co.*, 185 Fed. Rep. 158; *Sire* v. *Berkshire*, 185 Fed. Rep. 967; *Chomel* v. *United States*, 192 Fed. Rep. 117; *Siniscalchi* v. *Thomas*, 195 Fed. Rep. 701.

Congress can delegate to the Executive branch of the Government the authority to execute the provisions of law with reference to the deportation of aliens. *Fong Yue Ting* v. *United States*, 149 U. S. 698, 707, 713; *Wong Wing* v. *United States*, 163 U. S. 228, 237; *The Japanese Immigrant Case*, 189 U. S. 86, 100; *Turner* v. *Williams*, 194 U. S. 279; *United States* v. *Ju Toy*, 198 U. S. 253; *Chin Yow* v. *United States*, 208 U. S. 8; *United States* v. *Wong You*, 223 U. S. 67; *Tang Tun* v. *Edsell*, 223 U. S. 673; *Low Wah Suey* v. *Backus*, 225 U. S. 460, 468.

The Immigration Act, as amended March 26, 1910, is not *ex post facto* legislation as applied to appellant. De-

portation proceedings are not criminal, *Fong Yue Ting* v. *United States*, 149 U. S. 730, and the constitutional provision against *ex post facto* laws applies only to criminal statutes. *Johannessen* v. *United States*, 225 U. S. 227, 242.

Appellant was not arrested for practicing prostitution prior to the statute, but because she was found so engaged after its enactment.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an appeal from an order discharging a writ of *habeas corpus* and remanding the petitioner to custody. The ground of the appeal is that the act of March 26, 1910, c. 128, § 2, 36 Stat. 263, 265, relied on as authority for the arrest, impairs the petitioner's constitutional rights. It appears from the petition and the return to the writ that the petitioner is an alien; that she entered the United States not later than January 4, 1905, and that she was arrested on August 3, 1910, on an order of the Acting Secretary of Commerce and Labor directing the Immigrant Inspector to take her into custody and to grant her a hearing to show cause why she should not be deported. The order recited that she was then a prostitute and inmate of a house of prostitution, and that she was a prostitute at the time of entry and entered the United States for the purpose of prostitution or for an immoral purpose. The answer to the return demurs to its sufficiency and denies that she was a prostitute at the time of entry or that she entered the United States for any of the purposes alleged; but we must take it, at least, that she is a prostitute now.

By the act of February 20, 1907, c. 1134, § 3, 34 Stat. 898, 899, any alien woman found practicing prostitution within three years after she should have entered the United States was to be deported "as provided by sections twenty and twenty-one of this act." This section was amended by the act of March 26, 1910, c. 128, § 2,

and the limitation of three years was stricken out, but the amendment still refers to §§ 20, 21, and orders deporta-tion "in the manner provided by" §§ 20, 21. The beginning of these two sections provides for the taking into custody of aliens subject to removal, within three years from entry, and so it has been argued in other cases that the three-year limitation still holds good. The construction of the amendment was not relied on here, but before we can deal with the constitutional question it becomes necessary to dispose of that point. We are of opinion that the effect of striking out the three-year clause from § 3 is not changed by the reference to §§ 20 and 21. The change in the phraseology of the reference indicates the narrowed purpose. The prostitute is to be deported, not 'as provided' but 'in the manner provided' in §§ 20, 21. Those sections provide the means for securing deportation, and it still was proper to point to them for that. *United States* v. *Weis*, 181 Fed. Rep. 860; *Chomel* v. *United States*, 192 Fed. Rep. 117.

The attempt to reopen the constitutional question must fail. It is thoroughly established that Congress has power to order the deportation of aliens whose presence in the country it deems hurtful. The determination by facts that might constitute a crime under local law is not a conviction of crime, nor is the deportation a punishment; it is simply a refusal by the Government to harbor persons whom it does not want. The coincidence of the local penal law with the policy of Congress is an accident. *Fong Yue Ting* v. *United States*, 149 U. S. 698, 707, 728, 730. *Wong Wing* v. *United States*, 163 U. S. 228, 231. *Zakonaite* v. *Wolf*, 226 U. S. 272, 275. *Tiaco* v. *Forbes*, ante, p. 549. The prohibition of *ex post facto* laws in Article I, § 9, has no application, *Johannessen* v. *United States*, 225 U. S. 227, 242, and with regard to the petitioner it is not necessary to construe the statute as having any retrospective effect.

*Judgment affirmed.*