## IN THE MATTER OF THE APPLICATION OF TANESABURO MATSUYE FOR A WRIT OF HABEAS CORPUS.

### September 10, 1913.

1. *Habeas corpus—Order to show cause:* The return, under an order to show cause, exhibiting testimony supporting the warrant of deportation, and there appearing no evidence of illegality or error of law in the proceedings leading up to the warrant, the court is without jurisdiction. Petition denied.

2. *Aliens—Deportation of aliens unlawfully in the United States, under section 3 of act approved March 26, 1910, 36 Stat. 263:* The provision of section 3 of an act approved March 26, 1910, to amend an act to regulate the immigration of aliens into the United States, approved February 20, 1907, for the deportation of aliens found to be unlawfully in the United States, "in the manner provided by sections 20 and 21" of the amended act, is not deprived of its force through the pro-

visions of such sections 20 and 21, which provide for the deportation of aliens found to be unlawfully within the United States within 3 years after landing; as the reference to such sections in the amending act is limited simply to the manner of the deportation therein provided.

*Habeas Corpus:*    On order to show cause.

J. *Lightfoot* for petitioner.
C. C. *Bitting,* Assistant U. S. Attorney, for respondent.

DOLE, J.   It appears that the petitioner came here from Japan with his wife Kami over 12 years ago, and after trying various occupations in different parts of the Territory, settled in Honolulu, where, over 3 years ago, he engaged with others in fishing with a gasoline boat, which, after about a year, became disabled.   He then worked as a stevedore for a while, and then,—about 2 years before his arrest January 23, 1913, engaged in fishing again, having procured a small row boat for that purpose.   For some time before his arrest, approximating 3 years, the wife Kami had been practicing prostitution in Honolulu while still living with petitioner.   The petitioner was arrested and examined under the provisions of section 3 of an act to regulate the immigration of aliens into the United States, approved February 20, 1907 (34 Stat. 898) as amended March 26, 1910 (36 Stat. 263).   This section provides that "any alien   .   .   . who shall receive, share in, or derive benefit from any part of the earnings of any prostitute   .   .   .   shall be deemed to be unlawfully within the United States, and shall be deported in the manner provided by sections 20 and 21" of the original act.   In the course of such examination, testimony was taken to the effect that petitioner had not consented to the practice of prostitution by his wife, and had expostulated with her in regard to such conduct; that she had not contributed any part of her earnings toward the household expenses but had paid for her own clothing from

her earnings in such business; that when he expostulated with her in regard to such conduct on her part, she had replied that his earnings were not enough for the household; that the petitioner had replied to the question, whether his wife had his tacit consent to practice prostitution, "exactly, I don't give my consent, but at the same time I shut my eye so there is nothing to see;" that he sometimes attended to the business of forwarding her money to her parents; that she denied that he ever sent money for her to her parents; that petitioner testified that his wife sometimes sent money to his mother; that she denied this, and also denied that she had ever given her husband anything for his use or purchased any food or paid any of the household expenses out of her earnings as a prostitute. Another witness testified that petitioner was "not a regular fisherman, fishing just for pleasure; if he catches a few extra, he sells them."

Following this examination the examining inspector transmitted his recommendations with his opinion that Tanesaburo Matsuye was an alien and that he had shared in and derived benefit from the earnings of a prostitute, to the Secretary of Commerce and Labor, who thereupon, through the Acting Secretary of Labor, issued a warrant for the deportation of Tanesaburo Matsuye to Japan, on the ground that he was unlawfully within the United States, in that he has been found receiving, sharing in, and deriving benefit from the earnings of a prostitute.

A copy of the testimony which was taken at the hearing before the immigrant inspector, covering some 33 pages of typewriting, was attached to the petition for the writ as Exhibit B, and upon such exhibit the case was argued.

[1] The hearing before the immigrant inspector appears to have been conducted with fairness toward the petitioner, whose counsel was present during a part of the proceedings and assisted in the examination of the petitioner and his wife.

The issue was simply one of fact, and, as may be seen by the testimony referred to above, there was evidence tending to support the charge against the petitioner, to-wit: that he had received, shared in, or derived benefit from the earnings of a prostitute.

This court is without jurisdiction in this case to weigh the evidence as on an ordinary appeal and to decide according to the weight of evidence. It is not its function to retry the case, but to investigate the legality of the proceedings which have resulted in the detention of the applicant for the writ.

"The question brought forward on a habeas corpus, where the commitment is under legal process, is always distinct from that which is involved in the cause itself." *Ex parte Bollman & Swartout*, 4 Cr. 75; Hurd on Habeas Corpus, 2d ed., 140.

Counsel for the petitioner raised the point that because the warrant of arrest of the petitioner stated that it appeared that the alien Tanesaburo Matsuye was found in the United States in violation of the statutes, "for the following among other reasons," then giving the charge mentioned above, the petitioner was prejudiced by such statement,— in which the "other reasons," were not set forth. There is nothing in this contention, the words referred to being entirely negligible so far as the interests of the petitioner are concerned.

[2] The petitioner's counsel also raised the point, that inasmuch as sections 20 and 21 of the act of February 20, 1907, supra, which are referred to in the amending act of March 26, 1910, supra, in the following words, "shall be deported in the manner provided by sections 20 and 21" of the original act, still contain the provision for deportation of aliens within 3 years after landing if they are found in the United States in violation of law, the authority of such sections cannot be invoked for the deportation of an alien who has been in the country over 3 years,—as in this

case. This contention has been disposed of in *Bugajewitz v. Adams*, 228 U. S. 585, 591, in the following words:

"We are of the opinion that the effect of striking out the three-year clause from section 3 [of the amended act] is not changed by the reference to sections 20 and 21 [of the amended act]. The change in the phraseology of the reference indicates the narrowed purpose. The prostitute is to be deported, not 'as provided' but 'in the manner provided' in sections 20 and 21. Those sections provide the means for securing deportation, and it still was proper to point to them for that."

As there is nothing in the return that gives jurisdiction to this court, the petition for a writ of habeas corpus is denied, with costs to the respondent.