CHOY GUM v. BACKUS, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. May 10, 1915.)

No. 2475.

1. HABEAS CORPUS ⟾56—PETITION—SUFFICIENCY AS AGAINST DEMURRER.
    Where a petition for habeas corpus is tested by demurrer, the statements of fact therein must be taken as true, but statements of mere conclusions will not be taken as true.

    [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 50; Dec. Dig. ⟾56.]

2. ALIENS ⟾18—IMMIGRATION—POWER TO REGULATE OR RESTRICT.
    Congress may exclude aliens, regulate their coming, provide for their deportation, and confer on the executive department or subordinate officials thereof the duty to enforce the law.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 70-72; Dec. Dig. ⟾18.]

3. CONSTITUTIONAL LAW ⟾318—DEPORTATION OF ALIEN—PROCEEDINGS—DUE PROCESS OF LAW.
    A proceeding to deport an alien is not a criminal prosecution, within the fifth and sixth amendments, and an alien may be deported without a hearing of a judicial character.

    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 919; Dec. Dig. ⟾318.]

⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. ALIENS ⊱32—DEPORTATION—TIME FOR PROCEEDINGS.

    A Chinese prostitute may be deported, though proceedings against her were not begun within three years after her entry into the country.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊱32.

    What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

5. ALIENS ⊱32—DEPORTATION—PROCEEDINGS—RULES—VALIDITY.

    A rule governing proceedings to deport aliens, which accords to an alien a right to inspect the warrant of arrest and all evidence on which it was issued and to be apprised, at such stage of the hearing as the officer before whom it is being held may deem proper, that he may be represented by counsel, who shall be permitted to be present during the further conduct of the hearing, to inspect and make a copy of the minutes of the hearing so far as it has proceeded, and to offer evidence to meet any evidence previously or subsequently presented by the government, and which gives to the alien an opportunity to show cause why he should not be deported in view of new facts proved, is not so arbitrary as to deprive the alien of a fair though summary hearing, and is not beyond the power of the executive department, empowered to enforce the law, to enact.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊱32.]

6. ALIENS ⊱32—PROCEEDINGS TO DEPORT—VALIDITY.

    Where an alien in deportation proceedings and her counsel were given an opportunity to inspect the warrant and the testimony taken preliminarily to its issuance and make a copy of the minutes of the hearing, the alien was sufficiently put into possession of all information necessary to enable her to prepare her defense and produce testimony essential to her cause, and she was not deprived of a fair and impartial hearing.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊱32.]

7. ALIENS ⊱32—PROCEEDINGS TO DEPORT—VALIDITY.

    The practice of forwarding to the Bureau of Immigration, in accordance with a rule in deportation proceedings, the full record of a deportation proceeding, does not infringe any constitutional right of the alien sought to be deported.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊱32.]

8. ALIENS ⊱32—PROCEEDINGS TO DEPORT—VALIDITY.

    An alien in deportation proceedings is not legally entitled to the right to cross-examine witnesses giving testimony preliminary to the issuance of the warrant of arrest, and an alien who may produce the testimony of any witness may not complain of a refusal to recall the witnesses preliminarily examined for cross-examination.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊱32.]

9. ALIENS ⊱32—PROCEEDINGS TO DEPORT—VALIDITY.

    In proceedings to deport an alien, affidavits procured by the government are admissible, though taken without first notifying the alien of the intention to take them and without affording her the privilege of cross-examination, where the affidavits were inspected by her counsel, and no objection was interposed on the ground that the alien was not given an opportunity to answer them, and no request for an extension of time in which to produce testimony to refute them was made.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊱32.]

10. Habeas Corpus ⬤=54—Conclusions—Deportation Proceedings.

An allegation in a petition by an alien, held for deportation, for release from custody, that the immigration inspector or the commissioner submitted evidence detrimental to the alien, which evidence was never presented to her for inspection, but was clandestinely forwarded to Washington, and that by reason thereof she was denied an opportunity to see and inspect it or to rebut it, is but a conclusion, and is insufficient to support a charge of bad faith essential to justify judicial interference with the action of the executive department or subordinate officers charged with the duty of enforcing the law.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 51; Dec. Dig. ⬤=54.]

Appeal from the District Court of the United States for the First Division of the Northern District of California; M. T. Dooling, Judge.

Petition for habeas corpus by Choy Gum, sometimes referred to as Lo King, against Samuel W. Backus, as Commissioner of Immigration at the Port of San Francisco. From a judgment dismissing the petition on sustaining a demurrer thereto, petitioner appeals. Affirmed.

Geo. A. McGowan, of San Francisco, Cal., for appellant.

John W. Preston, U. S. Atty., and Walter E. Hettman, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. This cause is here on appeal from a judgment dismissing a petition for a writ of habeas corpus; a demurrer having been sustained to such petition. The petitioner is a Chinese woman, who is charged with being unlawfully in this country because engaged in practicing prostitution, and is held for deportation upon warrant of the Secretary of Commerce and Labor. The purpose of suing out the writ was to effect her release from such custody.

The alleged illegality of her restraint consists in abuse of discretion by the immigration officers in the examination of the petitioner for deportation, and in failing to render her a fair and impartial hearing, in the following particulars:

(1) Incorporating into the record against the petitioner the testimony of Leong Toe, Ton Yook Lan, and Wong Go, and refusing to set a time and place for the examination of said witnesses on behalf of petitioner.

(2) Taking the testimony of Arthur D. Layne and Dennis Bohle on affidavit against petitioner, without notice to her, and withholding the fact that such testimony had been taken until the final hearing, and embodying the same in the record without affording opportunity to her of answering the same.

(3) Submitting evidence detrimental to the petitioner's case, previously withheld and clandestinely forwarded to the department, after the close of the hearing, and not affording her an opportunity of answering such evidence, and so abridging and limiting the right of her counsel as to prevent him from ascertaining all the evidence against her.

(4) Submitting evidence against petitioner in the form of oral examination of witnesses had prior to according her the right of an attor-

ney, and thereafter presenting evidence in behalf of the government in the form of affidavits without affording petitioner the opportunity of confronting any of the witnesses appearing against her.

A copy of the proceedings before the immigration officers is appended to the petition, so that what was actually done is made to appear from the record.

The testimony of Leong Toe, Ton Yook Lan, and Wong Go was taken by question and answer before Inspector F. H. Ainsworth September 20, 1912, and on the same day Samuel W. Backus, Immigration Commissioner at San Francisco, recommended to the Department of Commerce and Labor that a warrant issue for the arrest of petitioner and Leong Toe, because found in a well-known house of prostitution; the said petitioner Choy Gum claiming to have been in this country for 19 years, although only 21 years of age.

On September 21st the department declined to issue the warrant. On September 25th the commissioner again wired that:

"It now appears that Choy Gum's true name is Lo King, landed October 23, 1908, from steamship China as wife of native."

Whereupon, on the next day, the acting Secretary of Commerce and Labor directed that petitioner be taken into custody and granted a hearing to enable her to show cause why she should not be deported.

On October 10th a hearing was had before Inspector Ainsworth, at which were present petitioner and her counsel, and petitioner was examined through an interpreter. Her counsel was advised that he could ask her any questions he thought pertinent, or make any statement he wished, but he only asked that the matter be continued. Counsel was thereupon provided with the previous record in the case, being a record of the whole proceeding, with the exception of what occurred on that day in his presence, and the hearing was continued until October 24, 1912, to give petitioner opportunity to show cause why she should not be deported.

The next recorded proceeding bears date November 7, 1912, and shows the hearing to have been continued to that time. At this hearing counsel for petitioner advised the inspector that the evidence in her behalf would be submitted in the form of affidavits, and the government offered in evidence the affidavits of two policemen, namely, Arthur D. Layne and Dennis Bohle, copies of which had been furnished counsel. Counsel for petitioner at the same hearing entered protest, first, against any further action being taken in the cause, on the ground that petitioner had resided continuously in the United States for more than three years prior to the date of the arrest; second, against the incorporation into the record of the testimony of Wong Go and Ton Yook Lan, on the ground that petitioner had not been accorded the opportunity of cross-examining, and against closing the hearing without affording such opportunity; third, against the introduction of the affidavits of Layne and Bohle, on the ground that the evidence was presented after the petitioner was permitted the right of counsel, and counsel was not afforded the opportunity to cross-examine the affiants; and, fourth, that the proceeding is in violation of the rights of an alien domiciled in the United States, and contrary to the letter and spirit of the Constitution. When

it was announced by the inspector that the hearing would be closed and counsel's protests would be forwarded along with the record and evidence to Washington, counsel further protested against the limitation of the petitioner in properly presenting a full and adequate defense.

The affidavits which counsel announced would be submitted in behalf of petitioner were accordingly submitted, and were incorporated in the record, which was subsequently transmitted to the Secretary of Commerce and Labor for his consideration. Based upon the proofs thus submitted, the Acting Secretary of Commerce and Labor, on November 15th, commanded petitioner's deportation.

[1] The petition for the writ being tested by demurrer, the statements of fact made in the petition must be taken as true, but this does not apply to statements of mere conclusions.

[2, 3] In Zakonaite v. Wolf, 226 U. S. 272, 275, 33 Sup. Ct. 31, 32 (57 L. Ed. 218), it is said:

"It is entirely settled that the authority of Congress to prohibit aliens from coming within the United States and to regulate their coming includes authority to impose conditions upon the performance of which the continued liberty of the alien to reside within the bounds of this country may be made to depend; that a proceeding to enforce such regulations is not a criminal prosecution, within the meaning of the fifth and sixth amendments; that such an inquiry may be properly devolved upon an executive department or subordinate officials thereof; and that the findings of fact reached by such officials, after a fair, though summary, hearing, may constitutionally be made conclusive, as they are made by the provisions of the act in question."

This holding has been later reaffirmed in Bugajewitz v. Adams, 228 U. S. 585, 591, 33 Sup. Ct. 607, 57 L. Ed. 978. In an earlier case (Yeung How v. North, 223 U. S. 705, 32 Sup. Ct. 517, 56 L. Ed. 621), the contention was made that the statute and procedure thereunder (the case being one for deportation) deprived the petitioner of due process of law under the Constitution, inasmuch as there was no provision by which the commissioner could procure or compel the attendance of witnesses, and because such alien lawfully in this country could not be deported without a hearing of a judicial character. Notwithstanding such contention, the appeal was dismissed. For this statement of the case, see Low Wah Suey v. Backus, 225 U. S. 460, 468, 32 Sup. Ct. 734, 56 L. Ed. 1165. These authorities answer fully the constitutional objection insisted upon by counsel for appellant.

[4] The protest against further action on the part of the immigration officers, because the petitioner was not proceeded against within three years after her entry into the country, is also answered by Bugajewitz v. Adams, supra.

[5] Immigration rule 22, in pursuance of which the proceeding was had in the present controversy, accords to the alien a right to inspect the warrant of arrest and all evidence upon which it was issued, and to be apprised, at such stage of the hearing as the officer before whom it is being held may deem proper, that he may thereafter be represented by counsel. If counsel be selected, he shall be permitted to be present during the further conduct of the hearing, to inspect and make a copy of the minutes of the hearing, so far as it has proceeded, and to offer evidence to meet any evidence theretofore or thereafter presented by

the government; and if, during the hearing, new facts are proved which constitute a reason, additional to those stated in the warrant of arrest, why the alien is in the country in violation of law, the alien is entitled to have his attention directed to such facts and reason, and to be given an opportunity to show cause why he should not be deported therefor. The rule has the approval of the Supreme Court in the following language:

"Considering the summary character of the hearing provided by statute and the rights given to counsel in the rules prescribed, we are not prepared to say that the rules are so arbitrary and so manifestly intended to deprive the alien of a fair, though summary, hearing as to be beyond the power of the Secretary of Commerce and Labor under the authority of the statute." Low Wah Suey v. Backus, supra, 225 U. S. 472, 32 Sup. Ct. 737, 56 L. Ed. 1165.

[6-8] The testimony of Leong Toe, Ton Yook Lan, and Wong Go, the embodying of which in the record is complained of, was taken preliminarily to the issuance of the warrant of arrest, and the petitioner was allowed the right to inspect such warrant and the testimony in accordance with the injunction of the rule. Having had the opportunity to inspect the warrant and the evidence, and the right by counsel to inspect and make copy of the minutes of the hearing, the petitioner was put into possession of all information necessary to enable her to concert her defense, and to produce such witnesses and testimony as she may have deemed essential to her cause. By a subsequent clause in the rule, the full record is required to be forwarded to the Bureau of Immigration, and no constitutional right of the petitioner can be infringed by such a practice. Emphasis is placed, however, upon the refusal of the inspector to recall such witnesses for examination by the petitioner, or to afford her an opportunity for cross-examining them. But, the testimony being preliminary to the issuance of the warrant, she was not legally entitled to the right of cross-examination. The statute does not give authority to issue process to compel the attendance of witnesses in behalf of persons detained for inquiry touching their right to remain in this country. Low Wah Suey v. Backus, supra. And it does not appear that the petitioner might not have produced the testimony of any witness she so desired. Indeed, the record would indicate that she was afforded such opportunity. Hence she cannot complain of the inspector's action in that regard.

[9] The next contention arises touching the admission in evidence of the affidavits of Layne and Bohle. It is complained that such testimony by affidavit was taken without notice to petitioner; that she was not afforded the opportunity of cross-examination; and that the testimony was embodied in the record without affording her opportunity for answering it.

The affidavits were inspected by counsel for petitioner, and the only objection or protest made to their admission was that the petitioner was not afforded the opportunity to cross-examine the affiants; none was interposed on the ground that petitioner was not given the opportunity of answering them; nor was any request made for an extension of time in which to produce further testimony to refute the same. So the question rests on the propriety of admitting affidavits in evidence,

against petitioner, without first having notified her of the intention of taking such affidavits, and without affording her the privilege of cross-examination.

This kind of testimony, while not ordinarily competent for judicial inquiry in the sense of a trial in a court of justice, has nevertheless been resorted to before executive officers and boards of immigration inspectors for determining the right of aliens to remain in this country, and yet the aliens have been refused their liberty upon habeas corpus, where the inquiry appeared to be fair and impartial, and where the immigration officers had been guilty of no abuse of discretion reposed in them. Such a case was Healy v. Backus, Commissioner of Immigration, 221 Fed. 358, recently decided by this court. In that case many affidavits were taken and admitted, both for and against the petitioner, and a very wide range of inquiry was indulged in by which information was gathered by means of letters and reports, and yet the court was of the view that the inquiry was fairly conducted toward the aliens whom Healy represented, and without abuse of discretion on the part of the immigration officers, and consequently refused to liberate them upon habeas corpus; there being pertinent testimony adduced from which the finding made could be reasonably inferred. To the same purpose are also the recently decided cases of White v. Gregory, 213 Fed. 768, 130 C. C. A. 282, in this court, and United States v. Uhl, 215 Fed. 573, 131 C. C. A. 641, in the Circuit Court of Appeals for the Second Circuit.

The language of the court in Low Wah Suey v. Backus, supra, 225 U. S. 468, 32 Sup. Ct. 735, 56 L. Ed. 1165, is pertinent for repetition here:

"In order to successfully attack by judicial proceedings the conclusions and orders made upon such hearings, it must be shown that the proceedings were manifestly unfair, that the action of the executive officers was such as to prevent a fair investigation, or that there was a manifest abuse of the discretion committed to them by the statute. In other cases the order of the executive officers, within the authority of the statute, is final."

We are not convinced, from the petition and the record made a part thereof, that any unfairness or impartiality was practiced by the immigration officers in the conduct of petitioner's examination touching her deportation, nor do we find that they were guilty of any abuse of discretion. The objections and protest insisted upon, therefore, are not well taken.

[10] As it relates to the charge that the immigration inspector or the commissioner submitted evidence of some kind detrimental to the petitioner, and that such evidence was never presented to petitioner for inspection, but was clandestinely forwarded to Washington, and that by reason thereof the petitioner was denied any opportunity to see and inspect such evidence, or to rebut the same, the statements are but conclusions, without assertion of facts in their support. Such allegations are insufficient to support the charge of bad faith. Low Wah Suey v. Backus, supra, 225 U. S. 472, 32 Sup. Ct. 734, 56 L. Ed. 1165.

Judgment of the District Court affirmed.