Petition of BROOKS.

BONDER v. JOHNSON, Commissioner of Immigration.

(District Court, D. Massachusetts. April 28, 1925.)

No. 3052.

1. Aliens ⬤⟺54—Constitutional law ⬤⟺83(1) —Alien ordered deported cannot be imprisoned indefinitely pending recognition of Soviet government by United States.

Alien ordered deported cannot be imprisoned indefinitely pending recognition of Soviet government by United States because of inability to deport him to Russia, since right to arrest and hold or imprison alien is merely incident of right to exclude or deport, and no court or tribunal has power to hold indefinitely any sane citizen or alien in prison, except as punishment for crime, in view of Const. Amend. 13.

2. Aliens ⬤⟺53—Deportation or exclusion proceedings are not punishment for crime.

Deportation or exclusion proceedings are not punishment for crime.

3. Aliens ⬤⟺54—Alien arrested for deportation to Russia is entitled to be deported or have his freedom.

Alien arrested for deportation to Russia is entitled to be deported or have his freedom, and he cannot be required to furnish bond and report at intervals to Immigration Commissioner until he can be deported to Russia.

Habeas Corpus. Petition for writ by Lawrence G. Brooks, on behalf of Lew Bonder, against John P. Johnson, Commissioner of Immigration. Petitioner discharged from custody.

Lawrence G. Brooks, of Boston, Mass., for petitioner.

Harold P. Williams, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for respondent.

ANDERSON, Circuit Judge. This habeas corpus case is an aftermath of Colyer v. Skeffington (D. C.) 265 F. 17. That case arose out of raids made by agents of the Department of Justice in January, 1920, when

from 800 to 1,200 people were arrested in New England and several hundred afterwards incarcerated on Deer Island in Boston Harbor. The charge was that the persons thus lawlessly seized were engaged in a Red or Communistic plot to overthrow our form of government. After most of them were, for utter lack of evidence, discharged, habeas corpus proceedings were brought in this court in behalf of 20, most of whom had been held subject to deportation. In all but 4 of the cases tried it was found by this court that the proceedings lacked due process of law. But in the cases of William T. and Amy Colyer and Frank Mack, three harmless English Socialists, and of Lew Bonder, a Russian, difficult to understand, this court held the proceedings not lacking in due process; but found on all the evidence that mere membership in the Communist party, without more, did not bring them under the Act of October 16, 1918, being Comp. St. Ann. Supp. 1919, §§ 4289¼b(1)–4289¼b(3). That act provides that "aliens who are members of or affiliated with any organization that entertains a belief in, teaches, or advocates the overthrow by force or violence of the government of the United States, * * * shall be excluded from admission into the United States." And section 2 (section 4289¼b[2]) provides for the deportation of such aliens, irrespective of the time of their entry. On appeal by the government, this court was, on that point alone, reversed by the Court of Appeals, January 11, 1922. 277 F. 129. The mandate from the court above came down on March 23, 1922. The order of deportation of Bonder became thus valid and outstanding. Nothing remained for the government to do but to take Bonder and deport him. He, meantime, as is shown by the return in this case, had been admitted to cash or Liberty Bond bail for $500, and was peacefully working as a roofer. Nothing was done with him until February, 1925. Then the surety on his bail bond, not unnaturally desiring to be freed from further responsibility, produced Bonder before this court, and the court ordered Bonder into the custody of the Commissioner of Immigration at Boston. There Bonder remained imprisoned from February 16 until April 21, 1925. The present habeas corpus proceedings were brought to secure his freedom.

It appears, both from Bonder's evidence given before this court and from affidavits which have been filed, that during this period of about five years—three years since the mandate came down—he has been working at his trade, learning English, and taking music lessons; that during no part of that time has he been engaged in overthrowing our form of government or otherwise attacking our institutions, notwithstanding the treatment he has had from persons sworn to support these institutions.

Parenthetically, it should be noted that he is known as Lew Bonder, Leo Bonder, and Joe Bonder; but he is one and the same person referred to in all of the affidavits filed in the record in this case. Moreover, the evidence before this court indicates that the Communist party is now nonexistent, and that Bonder belongs to no similar organization, however named.

[1] The issue now presented is narrow. In the original return the immigration authorities admit their utter inability to deport Bonder to Russia, but venture the suggestion that the United States will shortly resume diplomatic relations with Russia, and that therefore this alien should be kept in imprisonment pending recognition of the Soviet government by the United States.

[2, 3] It is too plain for argument that the court cannot entertain any such proposition. Ex parte Matthews (D. C.) 277 F. 857; United States ex rel. Ross v. Wallis (C. C. A.) 279 F. 401; Gorovitz v. Sartain (D. C.) 1 F.(2d) 602. The right to arrest and hold or imprison an alien is nothing but a necessary incident of the right to exclude or deport. There is no power in this court or in any other tribunal in this country to hold indefinitely any sane citizen or alien in imprisonment, except as a punishment for crime. Slavery was abolished by the Thirteenth Amendment. It is elementary that deportation or exclusion proceedings are not punishment for crime. Bilokumsky v. Tod, 263 U. S. 149, 154, 44 S. Ct. 54, 68 L. Ed. 221; Fond Yue Ting v. United States, 149 U. S. 698, 730, 13 S. Ct. 1016, 37 L. Ed. 905; Bugajewitz v. Adams, 228 U. S. 585, 591, 33 S. Ct. 607, 57 L. Ed. 978. But by amended return the government now takes the position that the alien should be released on his own personal bond and required to report at such intervals as the Commissioner of Immigration at Boston may deem advisable. This court knows of no power in it or in the immigration authorities to require this or any other alien to give "a personal bond and to report" to the Commissioner of Immigration, whatever this phrase may mean. He is entitled to be deported, or to have his freedom. He has already been imprisoned, for no crime, about nine weeks, for which he is apparently without remedy.

It may be added that, entirely apart from the foregoing considerations, Bonder is very likely entitled to be set free because of the change in status growing out of the disappearance of the Communist party and his failure to be affiliated with any similar organization bent on destroying the Government of the United States. See U. S. v. Tod, 285 F. 523, 529, 26 A. L. R. 1316.

But there is no occasion for this court to discuss that question, for it is very plain that on the record now before the court any further detention by the immigration authorities or control of Bonder's freedom is illegal.

As the government admits it cannot deport him, he is entitled to be set free. It is so ordered.