**LAI TO HONG v. EBEY, Immigration Inspector.**

Circuit Court of Appeals, Seventh Circuit. February 28, 1928.

No. 3923.

1. Aliens �köm32(1)—Jurisdiction of Secretary of Labor in deportation proceeding held not lost by delay of over two years between hearing and decision (Immigration Act 1917 [Comp. St. §§ 959, 960, 4289¼a–4289¼u]).

Failure of Secretary of Labor to make decision in proceeding for deportation of Chinese alien under Immigration Act 1917 (Comp. St. §§ 959, 960, 4289¼a–4289¼u), within two years after hearing, held not to result in Secretary's loss of jurisdiction over case, especially where alien did not protest against delay, and after instituting habeas corpus proceedings, had allowed suit to proceed for over six years without hearing.

2. Aliens ⊝32(9)—Constitutional right of accused to speedy trial does not apply to alien in deportation proceedings.

Constitutional privilege given to an accused person of right to speedy trial does not apply to alien in deportation proceedings.

3. Aliens ⊝31—Immigration Act of 1917 held applicable to deportation of Chinese alien entering United States by fraud before passage of act (Immigration Act 1917, §§ 19, 38 [8 USCA §§ 155, 178]).

Immigration Act of 1917 held applicable in proceedings for deportation of Chinese alien who entered United States by fraud before passage of act, pretending to be a member of an exempt class, in view of section 19 (8 USCA § 155) providing for deportation of excluded alien at any time within five years after entering United States; unlawful status of alien not being changed by section 38 (8 USCA § 178).

4. Aliens ⊝18—Presence of aliens is matter of governmental consent, not of right.

Presence of aliens in United States is permitted, not by any right, but by grace of government consent.

5. Aliens ⊝18, 32(2)—Alien has no constitutional right to judicial hearing on question of deportation, and Congress may determine length of stay and make question determinable by administrative officer.

Length of alien's stay in United States may be determined by congressional action, and

alien has no constitutional right to judicial hearing on question of deportation, though Congress may provide for such a hearing; Congress having power likewise to provide for determination of question by an administrative officer.

6. Aliens ⊝32(2)—Chinese workman entering United States fraudulently, held not entitled to judicial hearing in deportation proceedings where alienage was not denied (Immigration Act 1917, §§ 19, 38 [8 USCA §§ 155, 178]).

Chinese laborer, fraudulently procuring admission to the United States as member of exempt class, and therefore subject to deportation under Immigration Act 1917, §§ 19, 38 (8 USCA §§ 155, 178), had no constitutional right to judicial hearing, where Chinese alienage was not denied.

7. Aliens ⊝20—Act enlarging scope of powers of Secretary of Labor with respect to deportation of aliens held within power of Congress (Immigration Act 1917 [Comp. St. §§ 959, 960, 4289¼a–4289¼u]).

Immigration Act 1917 (Comp. St. §§ 959, 960, 4289¼a–4289¼u), enlarging powers of Secretary of Labor in regard to determination of liability of alien to deportation, held within power of Congress.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Application for habeas corpus by Lai To Hong, to be directed to Howard D. Ebey, Immigration Inspector, to secure petitioner's release from custody in deportation proceedings. From a decree dismissing the writ, petitioner appeals. Affirmed.

Frank T. Milchrist, of Chicago, Ill., for appellant.

James G. Cotter, of Chicago, Ill., for appellee.

Before ALSCHULER, EVAN A. EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Appellant, a native Chinese, entered the United States at San Francisco, May 6, 1916, as a merchant—a member of the exempt class of such aliens. His certificate was duly and properly issued, and on its face entitled him to admission. In March, 1917, he was found working in a Chinese laundry in Chicago, and, as the government contends, employed as a laborer.

The then Secretary of Labor caused his arrest—the preliminary step in a deportation proceeding. The Immigration Act of 1917 (Comp. St. §§ 959, 960, 4289¼a–4289-¼u), enacted about the same time, enlarged the authority of the Secretary of Labor. The appellant was consequently discharged under the first proceedings and rearrested July 14, 1918, under this later act.

Appellant was given a hearing by the Secretary of Labor, and, on September 27, 1920, an order for his deportation was entered. Appellant thereupon sought and secured a writ of habeas corpus from the District Court, to which a return was duly made.

This writ was dismissed January 7, 1927, approximately ten years after the proceedings were instituted. This appeal is to review the decree dismissing the writ of habeas corpus.

Four attacks are made on the decree: (a) The Secretary of Labor lost jurisdiction of the proceeding by failing to decide the case within two years of the hearing. (b) The evidence shows conclusively that appellee's entry was not fraudulent. (c) The Immigration Act of 1917 does not apply to this case. (d) Appellant was not given a judicial hearing.

[1, 2] (a) While in no way approving the Secretary's seemingly inexcusable delay in deciding this case, we conclude that there is no merit in the contention that the Secretary lost jurisdiction of the case. The delay was beneficial to the appellant. His aim was to remain in the United States. His stay here was undisturbed so long as the proceedings were pending.

The constitutional privilege giving to an accused person the right to a speedy trial does not apply to deportation proceedings, for Chinese alienage is not disputed. Furthermore, appellant did not protest against the delay. His position was not unlike that of Worthington, considered in Worthington v. United States (C. C. A.) 1 F.(2d) 154. His embarrassment in this respect is emphasized by the fact that, after instituting his habeas corpus proceedings, he allowed this suit to go unpressed to a hearing for over six years.

(b) The Secretary of Labor and the District Judge, on the same evidence (the latter, however, not seeing the witnesses), found that appellant "secured his admission to the United States by fraud, pretending to be a member of an exempt class when he was a laborer coming for the purpose of laboring in the United States." Without discussing the evidence in detail, we will merely state our conclusion, to wit, that, while the evidence and the inferences were conflicting, they support this finding. Tulsidas v. Insular Collector, 262 U. S. 258, 43 S. Ct. 586, 67 L. Ed. 969.

[3] (c) Appellant also contends that, because of section 38 of the 1917 act (8 USCA § 178), he was not amenable to the provisions of this act, but was subject to depor-

tation, if at all, under the provisions of the previous act. This, he claims, entitled him to a judicial hearing. Both counsel cite and rely on Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938. Each insists that this decision either directly or inferentially supports his position. Obviously, to what extent it decides and leaves undecided relevant questions must be determined by a construction of the language of the opinion.

Appellant contends (to be more specific) that the act of 1917 bars Chinese aliens who entered the United States before the act was passed *only* when such aliens *unlawfully remain* in the United States. It does not apply, so he urges, to aliens who unlawfully *entered* the United States prior to the passage of the act.

The government on the contrary, denies the existence of any basis for this distinction. It is, however, in reference to this asserted distinction that counsel point to the opinion in the above-cited case and speculate as to its holding.

The first deportation proceedings having been dismissed and the second proceedings having been instituted in 1918, the applicable law was that found in the 1917 act. Section 38 of this act contains, among other provisions, the following:

"Provided that this act shall not be construed to repeal, alter, or amend existing laws relating to the immigration or exclusion of Chinese persons or persons of Chinese descent, except as provided in section 19 hereof."

Section 19 (8 USCA § 155) provides:

"At any time within five years after entry, any alien who at the time of entry was a member of one or more of the classes excluded by law * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported * * * provided further, that the provisions of this section * * * shall be applicable to the classes of aliens therein mentioned irrespective of the time of their entry into the United States. * * * In every case where any person is ordered deported from the United States under the provisions of this act, or of any law or treaty, the decision of the Secretary of Labor shall be final."

It is apparent therefore that appellant's rights were no greater under this act than they were before its enactment. The procedure was somewhat changed and the authority of the Secretary of Labor was enlarged. But neither appellant's right to remain in the United States nor the govern-

ment's authority to deport him was changed. In short, if appellant came as a laborer and not as a merchant, he was here unlawfully, and this unlawful status was in no way changed by the passage of the act of 1917. [4-7] (d) Respecting the asserted constitutional right of appellant to a judicial hearing under the act of 1917, we feel bound to deny its existence. U. S. v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040. The alien is here, not by any right, but by grace of government consent. Johannessen v. U. S., 225 U. S. 227, 240, 32 S. Ct. 613, 56 L. Ed. 1066; United States v. Maney (C. C. A.) 21 F.(2d) 28. The length of his stay may be, and in many cases is, determined by congressional action. True, the Congress may provide for a judicial hearing before deportation. Likewise it may provide for a determination of the alien's asserted right to remain here, by an administrative officer, to wit, the Secretary of Labor. In no case, however, is there any constitutional right on the part of the alien to a judicial hearing.

The act of 1917 contemplated an enlargement of power on the part of the Secretary of Labor, and we have no hesitancy in recognizing the power of Congress to so legislate. Where the so-called alien denies alienage, and asserts he is a citizen of the United States, the constitutional provision guaranteeing him a judicial hearing is invoked. Ng Fung Ho. v. White, supra. Such a conclusion is predicated on the asserted denial of Chinese alienage, and of course does not apply to a case such as we have here, where no claim of United States citizenship is made.

The decree is affirmed.