## UNITED STATES ex rel. LUBBERS v. REIMER, Commissioner of Immigration.

District Court, S. D. New York.

Feb. 4, 1938.

Lamar Hardy, U. S. Atty., of New York City (Jay Slonim, Asst. U. S. Atty., of New York City, of counsel), for respondents.

Samuel M. Finkelstein, of New York City, amicus curiae.

GODDARD, District Judge.

Habeas corpus proceedings by the United States, on the relation of Elfriede Lubbers, next friend of William Gebers, against Rudolph Reimer, Commissioner of Immigration, brought after the Board of State Inquiry had ordered deportation of the relator on the ground that the alien, after entering the United States, was found to have secured a preference-quota visa through fraud by contracting a marriage which, subsequent to entry in the United States, had been judicially annulled retroactively.

The alien, Gebers, a German National, 25 years of age, first arrived in this country on April 25, 1935, as a temporary visitor. Shortly before the termination of his stay in this country he was married by a civil ceremony in the city hall, New York, to Helen Cheloc, a citizen of the United States; this was on December 10, 1935. He then obtained a preference-quota visa and left for Germany on December 15, 1935. Miss Cheloc was a Catholic and the alien was a Protestant, and at the time of the civil ceremony he promised her that upon his return to this country that they would be united by a Catholic marriage ceremony. Upon his return to this country on April 2, 1936, he refused to have such ceremony performed; they never lived together nor did he ever contribute anything to her support. Subsequently Miss Cheloc instituted a suit for annulment of the marriage in the Chancery Court of New Jersey upon the ground that her consent had been obtained through fraud, and on July 16, 1937, a final decree annulling the marriage and decreeing it to be null and void was entered. A warrant of arrest was thereafter issued by the Department of Labor and the alien taken into custody. The Board of Review held a hearing, heard the alien and Miss Cheloc and with other evidence considered the finding of the Chancery Court of New Jersey and its decree. The Board then ordered the alien deported on the ground that he had obtained admission to this country through fraud by contracting the marriage which was annulled. On November 24, 1937, upon the request of the alien that his deportation be adjourned for 6 months during which time he would seek to vacate the decree of

Charles H. Winokur, of New York City, for petitioner.

annulment, the matter was again considered by the Board and the request was denied for reasons which appear in the Board's opinion, and were justified. On January 3, 1938, the writ herein staying deportation was obtained.

Section 3 of the Act of May 14, 1937, under which the alien was ordered deported, is as follows:

"Any alien who at any time after entering the United States is found to have secured either non-quota or preference-quota visa through fraud, by contracting a marriage which, subsequent to entry into the United States, has been judicially annulled retroactively to date of marriage, shall be taken into custody and deported pursuant to the provisions of section 14 of the Immigration Act of 1924 [section 214 of this title] on the ground that at time of entry he was not entitled to admission on the visa presented upon arrival in the United States. This section shall be effective whether entry was made before or after the enactment of this Act [May 14, 1937].

"When it appears that the immigrant fails or refuses to fulfill his promises for a marital agreement made to procure his entry as an immigrant he then becomes immediately subject to deportation." 8 U.S.C. § 213a, 8 U.S.C.A. § 213a.

The contention made in behalf of the alien is that the statute is unconstitutional as a bill of attainder for it does not provide for a judicial trial; also that the act is ex post facto and conflicts with the Constitution of the United States.

In so far as the first contention is concerned, it is established law that the statute providing for an administrative hearing as to an alien's deportability is constitutional. Lai To Hong v. Ebey, 7 Cir., 25 F.2d 714.

The constitutional limitation, article 1, § 10, cl. 1, as to ex post facto laws has no application to purely civil proceedings though taken under retroactive statutes. It applies only to criminal statutes. Beazell v. Ohio, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216. It does not apply to the deportation of undesirable aliens. Bugajewitz v. Adams, 228 U.S. 585, 33 S.Ct. 607, 57 L.Ed. 978. The annulment decree of the New Jersey Court of Chancery is retroactive and rendered the marriage utterly void ab initio. Wigder v. Wigder, 188 A. 235, 14 N.J.Misc. 880.

The statute expressly authorizes the deportation of an alien who at any time after entering the United States is found to have secured a preference-quota visa through fraud, by contracting a marriage which, subsequent to entry into the United States, has been annulled retroactively to date of marriage; also when it appears that the alien fails to fulfill his promises for marital agreement made to procure his entry.

The alien had a fair hearing before the Board of Review and its finding is amply supported by the evidence. Accordingly, the writ is dismissed and the relator remanded for deportation.