### UNITED STATES ex rel. MARCELLO v. AHRENS.

### Misc. No. 854.

United States District Court
E. D. Louisiana, New Orleans Division.
June 8, 1953.

William C. Orchard, New Orleans, La., for petitioner.

John N. McKay, U. S. Atty., New Orleans, La., for respondent.

24

WRIGHT, District Judge.

This habeas corpus proceeding was brought to test the validity of an order of deportation issued pursuant to the provisions of the Immigration and Nationality Act of 1952.[1] Relator attacks the constitutionality of section 242(b) of that act on the ground that the deportation procedure provided therein denied him due process of law in that it is contrary to the procedure prescribed in the Administrative Procedure Act.[2] Relator makes the additional contention that the conviction on which the order of deportation is based occurred in 1939 and such conviction was not made a basis for deportation until the Immigration and Nationality Act was passed in 1952.

Carlos Marcello, a native of Tunisia, is of Italian nationality. He is now 43 years old and has resided in the United States since October 7, 1910. On October 29, 1938, he was sentenced to imprisonment for a term of one year and one day following his conviction on a plea of guilty to an indictment containing two counts. The first count charged that on or about December 6, 1937 he feloniously transferred to another individual a quantity of marihuana which transfer was not made pursuant to a written order on the required form in violation of the Marihuana Tax Act of 1937.[3] Count two charged a similar unlawful transfer of marihuana on or about December 19, 1937.

Marcello was first arrested by the Bureau of Immigration and Naturalization on December 30, 1952 under a warrant which charged a violation of section 241(a) (11)[4] of the Immigration and Nationality Act of 1952 in that he was convicted of a violation of a law relating to the illicit traffic in narcotic drugs and in that he was convicted of the violation of a law governing and controlling the taxing, sale, exchange, dispensing and giving away of marihuana. After his release on bail, Marcello was given a hearing before a special inquiry officer pursuant to the provisions of section 242(b)[5] of the Immigration and Nationality Act. On February 20, 1953 an order of deportation was issued by that officer. The deportation order was based on the grounds stated in the warrant of arrest. Marcello appealed to the Board of Immigration Appeals and on June 1, 1953 that board affirmed the decision of the special inquiry officer. His re-arrest followed on June 2nd.

Referring first to relator's claim of lack of due process, it is clear that an alien who is a lawful permanent resident of the United States is entitled to the protection of the Fifth Amendment. He may not be deprived of his right to remain in this country until his deportability is established by due process of law. The Japanese Immigrant Case, Yamataya v. Fisher, 189 U.S. 86, 100–101, 23 S.Ct. 611, 47 L.Ed. 721; Wong Yang Sung v. McGrath, 339 U.S. 33, 49–50, 70 S.Ct. 445, 94 L.Ed. 616; Kwong Hai Chew v. Colding, 344 U.S. 590, 598, 73 S.Ct. 472. With respect to deportation proceedings, due process of law means that the alien is entitled to notice of the nature of the charge against him and a hearing thereon at least

1. 8 U.S.C.A. § 1101 et seq. Habeas Corpus is the proper remedy. Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603.

2. 5 U.S.C.A. § 1001 et seq.

3. 26 U.S.C. § 2591.

4. "Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

\* \* \* \* \*

"is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs, or

who has been convicted of a violation of any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispening, giving away, importation or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction sustaining opiate;" 8 U.S.C.A. § 1251(a) (11).

5. 8 U.S.C.A. § 1252(b).

before an executive or administrative tribunal. The Japanese Immigrant Case, supra; Kwong Hai Chew v. Colding, supra. And "When the Constitution requires a hearing, it requires a fair one, one before a tribunal which meets at least currently prevailing standards of impartiality." Wong Yang Sung v. McGrath, 339 U.S. 33, 50, 70 S.Ct. 445, 454.

Section 242(b) of the Immigration and Nationality Act provides that proceedings to determine deportability shall be conducted by a special inquiry officer who shall administer oaths, present and receive evidence, interrogate, examine and cross-examine the alien or witnesses and, as authorized by the Attorney General, make determinations including orders of deportation. It also provides that the Attorney General may assign an additional immigration officer to present the evidence on behalf of the United States at the hearing but that such assignment shall not in any way diminish the authority conferred upon the special inquiry officer conducting the proceedings. It provides also that no special inquiry officer shall conduct a proceeding in any case in which he shall have theretofore participated in investigative or prosecutive functions. This section further provides that the alien shall be given reasonable notice of the nature of the charges against him and the time and place in which the proceedings shall be held; that the alien shall have the right to counsel; that the alien shall have reasonable opportunity to examine the evidence against him, to present evidence in his own behalf, to cross-examine witnesses presented by the government, and that no decision of deportability shall be valid unless based upon reasonable, substantial, and probative evidence.

The procedure as outlined in section 242(b) provides due process of law. In addition to the usual safeguards of due process, it guarantees the alien a fair hearing, one before an executive tribunal which meets currently prevailing standards of impartiality. Wong Yang Sung v. McGrath, 339 U.S. 33, 50, 70 S.Ct. 445, 94 L.Ed. 616. It is true that the procedure under section 242(b) varies in some particulars from the procedure under the Administrative Procedure Act. But the Administrative Procedure Act alone is not the sole criterion of due process of law. The Constitution in providing for due process does not require a single procedure applicable in all cases. Nor has Congress adopted one. The Administrative Procedure Act itself provides that the procedure outlined therein does not apply to "the conduct of specified classes of proceedings in whole or in part by or before boards or other officers specially provided for by or designated pursuant to statute."[6] And, to make the matter crystal clear, Section 242(b) states that "The procedure so prescribed shall be the sole and exclusive procedure for determining the deportability of an alien under this section."[7]

The relator makes no contention that his deportation hearing did not conform to the requirements of section 242(b). His contention is the procedure outlined in section 242(b) is violative of due process in that it is not in accord with the Administrative Procedure Act. His claim of improper procedure, however, would seem to be largely academic. He does not deny his conviction under the Marihuana Tax Act.[8] Since such conviction alone is the basis for his deportation, no amount of due process would help him.

6. Section 7, 5 U.S.C.A. § 1006(a).

7. In Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, the Supreme Court held that Congress intended the Administrative Procedure Act to apply to deportation proceedings. Since that decision Congress, by rider to an appropriations bill, excepted deportation and exclusion procedures from the Administrative Procedure Act. The Immigration and Nationality Act repealed the rider and substituted therefor the language quoted in the text of this opinion.

8. Nor could he. The conviction was before this court.

26

In any event, his contention concerning lack of due process is not well founded. Section 242(b) meets the requirements of due process and the record of the hearing shows that the procedure provided in section 242(b) was meticulously followed. Marcello was accorded every safeguard. He had notice of the charges and of the hearing; he was represented by counsel; he was allowed to cross-examine the Bureau's witnesses; he was allowed to present evidence in his own behalf. Further, there is no indication that the special inquiry officer conducting the hearing had previously participated in the investigative or prosecutive phases of the case. Nor does it appear that the special inquiry officer was controlled in any way by his superiors in the Bureau or in the Department of Justice in conducting the hearing or in reaching his decision.

Relator's contention that section 241(a)(11) of the Immigration and Nationality Act of 1952 is an unconstitutional ex post facto law is also without merit. It is true that Congress by passing section 241(a)(11) made a conviction "at any time" concerning marihuana ground for deportation. Thus the statute has retroactive effect. But the ex post facto clause of the Constitution applies only to criminal proceedings, Calder v. Bull, 3 Dall. 386, 3 U.S. 386, 390, 1 L.Ed. 648; Johannessen v. United States, 225 U.S. 227, 242, 32 S.Ct. 613, 56 L.Ed. 1066, and deportation is not a criminal proceeding. Bugajewitz v. Adams, 228 U.S. 585, 591, 33 S.Ct. 607, 57 L.Ed. 978; Carlson v. Landon, 342 U.S. 524, 537, 72 S.Ct. 525, 96 L.Ed. 547. The precise contention here made was rejected in Mahler v. Eby, 264 U.S. 32, 44 S.Ct. 283, 68 L.Ed. 549, and Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586, is to the same effect.

The deportation order is valid. The writ of habeas corpus is discharged. In view of the fact that the government is not opposing relator's release on bail pending appeal, he may be released on $10,000 bail, in the event an appeal is taken from this ruling.