### Ex parte AH SUE.

(District Court, W. D. Washington, N. D.    October 28, 1920.)

No. 5452.

1. Aliens ⊚⟶54—Department's findings conclusive, if sustained by any evidence.

On habeas corpus by an alien, ordered deported by the Department of the Interior, the finding of the department is binding upon the court, if there is any competent evidence, however slight, to sustain it.

2. Aliens ⊚⟶54—Representation by counsel during taking of all evidence, except preliminary alien held sufficient.

Where the alien was advised at conclusion of her first examination of her right to representation by counsel, and was thereafter represented at the hearing of all the evidence, and was permitted to give further testimony herself, and there is evidence to sustain the department's findings, she is not entitled to release on habeas corpus.

Habeas Corpus. Application by Ah Sue, alias Chin Ghne for the writ. Writ denied.

John J. Sullivan and Adam Beeler, both of Seattle, Wash., for petitioner.

Robert C. Saunders, U. S. Atty., of Seattle, Wash.

NETERER, District Judge. The petitioner was arrested pursuant to warrant, and was preliminarily examined the 30th day of January, 1919, at the conclusion of which she was asked whether she desired to be represented by counsel, and also advised that she could be released by giving bail in the sum of $1,000. On the same day counsel entered an appearance for the petitioner. Thereafter further testimony was taken. Opportunity was given for the petitioner to be heard and to present any testimony that was desired, and the testimony was finally closed on the 31st of July, 1919. Testimony from a number of witnesses was presented. Voluminous briefs were presented,

and appeal prosecuted to the Secretary of Labor. The findings of the Commissioner of Immigration at Seattle was affirmed, and an order of deportation issued.

[1] The petitioner contends that she was not accorded a fair trial, in that she was not timely advised of her right to be represented by counsel, and that there was no competent evidence to support the findings. If there is any competent evidence, however slight, the finding of the department is binding upon the court. I have examined the voluminous record. There is much in this record which is incompetent and irrelevant, and cannot be considered in concluding upon the rights of the petitioner. There is, however, sufficient material, competent testimony in the record, which, if true, shows that the petitioner was practicing prostitution subsequent to her entry into the United States. The weight of the evidence is not for the court.

[2] Ex parte Plastino (D. C.) 236 Fed. 295, it is strenuously urged, sustains petitioner, and is decisive here. The facts in this case are entirely different from the facts in the Plastino Case. That case was decided, not upon the fact that the privilege of counsel was not granted, but upon the fact that there was no evidence which supported the charge. In that case it was contended the petitioner was not advised of the privilege of counsel, and it was found that the reference to counsel in the record was in different colored ribbon, and it was stated at page 297:

"This was, in my judgment, inserted after the testimony was completed; for, if the ribbon had been changed just at the time that this statement commenced, it would not have been changed back to the old ribbon for the certificate, but the record would have been in the same colored ribbon from the time the first change was made."

In the instant case, counsel immediately entered his appearance, and all of the testimony was thereafter taken, except that of the petitioner, and she was further examined on July 31st, following, after all of the other testimony was in, and every opportunity given to present testimony which it was desired, or explain or change any testimony given.

This case is clearly within Low Wah Suey v. Backus, 225 U. S. 460, 32 Sup. Ct. 734, 56 L. Ed. 1165, and Guiney v. Bonham (C. C. A.) 261 Fed. 582, and is not against the spirit of the Plastino Case, supra; and while it was said in that case that it was the right of the accused to be advised of the privilege of counsel before he was examined, in that case petitioner was not advised at all, and he was discharged because there was no evidence; whereas, in the instant case, the petitioner was advised and employed counsel, and all of the testimony was thereafter taken, except as stated, including her own re-examination, and there is evidence to sustain the charge.