### TOY DIP v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 23, 1912.)

#### No. 1,831.

EVIDENCE (§ 333*)—CHINESE—DEPORTATION PROCEEDINGS—DECLARATIONS—PRELIMINARY EVIDENCE.

Where a Chinese inspector examined defendant by means of an interpreter and reduced defendant's answers to writing as each answer was given by the interpreter, and the latter testified that he interpreted correctly, the statement comprising the answers so written was admissible

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

without proof by the interpreter as to what questions were put to defendant and what answers were given.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1247–1257, 1259–1265; Dec. Dig. § 333.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Chinese deportation proceedings by the United States against Toy Dip. From a decree of deportation, defendant appeals. Affirmed.

Amos W. Marston and Daniel J. Ward, for appellant.

James H. Wilkerson and John F. Voight, for the United States.

Before KOHLSAAT and MACK, Circuit Judges, and SANBORN, District Judge.

SANBORN, District Judge. This appeal presents the same questions as Chin Kong Poy v. United States (No. 1,838) 198 Fed. 599, 117 C. C. A. —, heard at the last session, and decided herewith.

This is not one of the underground railroad cases heard at the last session, nor was appellant arrested by the inspector before the regular warrant issued, as is sometimes done. Appellant was unfortunate enough to be arrested by the state authorities for rape, from which arrest he was later discharged, either by acquittal or otherwise. Learning that he was in jail Howard Ebey, Chinese inspector, and Edward Kan, Chinese interpreter, went there and asked him some questions. The questions were asked by the inspector in English, and put by the interpreter in Chinese, the answers interpreted into English and written down by the inspector. The questions were not written. As is customary in these cases, the district attorney did not prove by the interpreter what questions were put to appellant, nor what answers he gave, merely asking him if he did the interpreting correctly. He said he did. The inspector was then called, and under proper objection allowed to read his notes of the answers of appellant, as taken down by him, and state his recollection of the questions, which he did not write down. The witness stated that he wrote down the answers of appellant to the questions he asked, as given to him by the interpreter, and that as each answer was given he would write it down. Further, he testified as a matter of present recollection that appellant said he was born in China, and had been in the United States 18 years. While the inspector did not expressly say that he wrote the answers correctly, it would be excessive refinement to construe his testimony otherwise. He wrote down the answers, as given, the very answers, and no others.

The ordinary rules of evidence should be as strongly applied to these Chinese exclusion cases as in any others, and we have no disposition to slight them. On the contrary, in view of the some-

what harsh and summary character of the proceedings, care should be taken, especially by the trial courts, to insure a fair trial. Evidence of the statements of a foreigner, often under substantial arrest, without counsel, unable to speak our language, perhaps ignorant of the use proposed to be made of his statements, should be admitted only under the same rules applicable in other cases. These rules were complied with in the case under consideration, and the decree is affirmed in accordance with the Chin Kong Poy Case referred to.