**CHAN WONG v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. February 28, 1927.)

No. 4964.

**1. Aliens ⟨⟩32(6)—Admissions of alien held competent evidence on deportation hearing.**

Admissions made by an alien, in an interview with an immigration inspector before her arrest for deportation, were admissible on the later hearing, and it was no objection to their admission that her attorney was not present at the interview.

**2. Aliens ⟨⟩32(18)—Deportation order after fair hearing, supported by evidence, is not reviewable.**

An order of deportation, made after a fair hearing, and supported by competent evidence, is not reviewable by the courts.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California.

Petition of Chan Wong against John D. Nagle, Commissioner of Immigration at the port of San Francisco, Cal., for writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

James M. Hanley, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus. The questions presented by the record are few and simple.

On April 24, 1925, the appellant and three other Chinese women were arrested by the local police at 20½ Ross Alley, San Francisco, on the charge of practicing prostitution. On the following morning the appellant was examined or interviewed by an immigrant inspector through an interpreter, and admitted that she had been practicing prostitution for three or four years, and that she understood what prostitution meant. Again, on the hearing before the inspector, while denying that she made the statement attributed to her, she admitted that she understood what was meant by practicing prostitution.

[1] If the appellant made the admission in question and understood the import of the questions asked, there was competent testimony to support the order of deportation, and beyond this the courts are not at liberty to inquire. The contention that the hearing was for any reason unfair finds no support in the record. The first examination made by the inspector, at which the admissions in question were made, took place before a warrant of arrest under the Immigration Act (Comp. St. § 4289¼a et seq.) was issued or applied for, and the contention that the attorney for the appellant had a right to be present at such examination or interview is unfounded. Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221.

In the course of the hearing, the attorney for the appellant asked that the inspector who conducted the preliminary examination be sworn as a witness, but the inspector declined to be so sworn at that time. But later the attorney was given an opportunity to interrogate the inspector if he so desired and declined to avail himself of the opportunity thus afforded. He is therefore in no position now to raise the question that the inspector refused to be sworn.

Some question is raised as to the meaning of the term "practicing prostitution" as found in the Immigration Act. In United States v. Bitty, 208 U. S. 393, 401, 28 S. Ct. 396, 398 (52 L. Ed. 543), the court said:

"There can be no doubt as to what class was aimed at by the clause forbidding the importation of alien women for purposes of 'prostitution.' It refers to women who for hire or without hire offer their bodies to indiscriminate intercourse with men."

If there had been any contention that the appellant misunderstood the nature and import of the questions asked or the answers given, there might be some foundation for the claim that her admissions were inadvisedly or ignorantly made, but no such contention was made at the hearing, and no such contention is made now. She simply denied that she made the statements attributed to her, admitting, however, that she fully understood their nature and import, if made.

[2] On the record before us, we find that the hearing accorded to the appellant was not unfair, and that the findings of the Department are supported by competent testimony.

The order is therefore affirmed.