**PLANE v. CARR, District Director of Immigration.**

Circuit Court of Appeals, Ninth Circuit.
May 23, 1927.

No. 5041.

1. Aliens ⊂⟳54(9)—Evidence held to authorize deportation on ground alien was inmate of and managing house of prostitution (Immigration Act 1917, § 19 [Comp. St. § 4289¼jj]).

Evidence *held* sufficient to authorize deportation of alien on ground that she was an inmate of and managing a house of prostitution,

in violation of Immigration Act 1917, § 19 (Comp. St. § 4289¼jj).

2. Aliens ⊂⟳54(10)—That alien was not represented by counsel at preliminary hearing held immaterial, where she was so represented at several subsequent hearings (Immigration Rules July 1, 1925, rule 18, subd. d. par. 2).

Where alien was represented by counsel at subsequent hearings before immigration officials, who cross-examined witnesses appearing against her, and was permitted, together with attorney, to inspect warrant of arrest and evidence on which it was based, the fact that she was not represented by counsel at the preliminary hearing *held* not to constitute a violation of Immigration Rules July 1, 1925, rule 18, subd. d, par. 2.

3. Aliens ⊂⟳54(10)—Hearing will not be held unfair because of deprivation of right to representation by counsel, where deportation order was stayed to permit argument (Immigration Rules July 1, 1925, rule 18).

Where board of review, after making order of deportation without giving alien opportunity to be heard by counsel, as required by Immigration Rules July 1, 1925, rule 18, stayed deportation pending further investigation, and thereafter in a memorandum decision, after argument by counsel for alien, stated that charges of warrant were fully sustained, alien will not be held to have had an unfair hearing.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Habeas corpus by Josephine H. Plane against Walter E. Carr, District Director of Immigration of the United States for the District of Los Angeles. Order denying the petition, and petitioner appeals. Affirmed.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Donald Armstrong, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

HUNT, Circuit Judge. On the ground that she was found to be an inmate of a house of prostitution, and was managing a house of prostitution in Los Angeles (Immigration Act Feb. 5, 1917, § 19 [Comp. St. § 4289¼jj]), appellant, also known as Maria Marty, an alien woman, was ordered deported. The District Court denied her petition for writ of habeas corpus, and she appealed. [1] The contention that there was no substantial evidence before the immigration authorities that the alien was found managing a house of prostitution cannot be sustained. There was testimony that in December, 1925,

the police officers in Los Angeles arrested a woman inmate of the house kept by this appellant, and charged her with offering herself in prostitution; that the woman so arrested and charged stated to the policemen that she paid the appellant landlady half of what she received from men; that the general reputation of the house kept by appellant was that it was a house of prostitution; and that appellant, when arrested, admitted that the house kept by her was one of prostitution.

It is said that the hearing was unfair, in that the Department of Labor deprived appellant of her right to be represented by counsel on appeal to the board of review, as provided by rule 18, subdivision D, paragraph 2 (Immigration Rules July 1, 1925); that the legally appointed attorney for appellant filed his appearance on appeal before the Secretary at Washington, but that the Secretary disregarded such appearance and ordered deportation without giving to appellant or her counsel opportunity to be heard on appeal; and that the department refused to reopen or reconsider the matter upon demand of her counsel.

[2] The record does not warrant such a position. It is true that appellant was not represented by counsel at the preliminary hearing March 4, 1926; but that fact did not make the proceeding unfair where, as here, the alien was represented by counsel who at the several subsequent hearings before the immigration officials, cross-examined the witnesses appearing against her. Chin Shee v. White (C. C. A.) 273 F. 801. The record also discloses that the appellant and her attorney were permitted to, and did, inspect the warrant of arrest and the evidence upon which such warrant was based. Rule 18, supra.

[3] In respect to the right of counsel to be heard upon appeal before the board of review in Washington, the record is that by letter dated August 28, 1926, Mr. Keating, counsel for the appellant at Los Angeles, advised the Bureau of Immigration in Washington that his associate in Washington would appear and argue the Maria Marty case before the board of review; that on August 1, 1926, the department at Washington was notified by Roger O'Donnel, an attorney in that city, that he represented Maria Marty in the warrant proceeding to come before the Department. Whether this letter of notification by Mr. O'Donnel was received by the department does not appear. However that may be, it is a fact that the order of deportation and decision of the board issued on September 4, 1926, were made without opportunity having been given to appellant to be heard by counsel before the board. Rule 18, supra.

Had no action been taken to remedy that situation, appellant might well have claimed that she was denied a fair hearing. But on September 13th the department telegraphed the immigration authorities at Los Angeles to stay deportation pending further instructions. The reason that prompted the sending of the telegram is made plain by an annotation upon the department's copy, stating that the telegram was sent to enable Mr. O'Donnel to take up the case, in view of notice of his appearance dated August 31st. The proceeding was therefore kept open, and on September 17, 1926, Mr. O'Donnel, as attorney for the alien, appeared and orally argued before the board of review, and also filed a brief and argument, contending that the warrant of deportation should be canceled on the ground of lack of evidence to sustain the charges upon which order of deportation had been made. On September 21st the board of review in a memorandum decision referred to Mr. O'Donnel's brief and stated that the evidence had been "again reviewed," and that the charges in the warrant were fully sustained, wherefore it recommended that the order of deportation should stand. The decision was approved by the Secretary of Labor, and deportation was ordered.

From the foregoing statement it is clear that the board of review gave the alien full opportunity to be heard, and that the evidence and arguments were considered before the previous order, which was stayed, could become effective. There is therefore no ground upon which we can disturb the findings of the executive officials, or hold that the hearing accorded to the alien was unfair. Chan Wong v. Nagle (C. C. A.) 17 F.(2d) 987.

The order is affirmed.