**GHIGGERI v. NAGLE, Commissioner of Immigration.**

Circuit Court of Appeals, Ninth Circuit.
May 31, 1927.

No. 5053.

1. **Aliens** ⟜54(9)—**Evidence held sufficient to authorize warrant for deportation for being employed in house of prostitution (Comp. St. § 4289¼jj).**

Warrant for deportation of alien for being in United States contrary to Act Feb. 5, 1917, § 19 (Comp. St. § 4289¼jj), in that he was found employed by or in connection with a house of prostitution *held* warranted by the evidence.

2. **Aliens** ⟜54(8)—**Under the circumstances and rules of evidence in deportation cases, sworn statements taken by immigration inspector and his report held properly received.**

Under the circumstances and the liberal rules of evidence obtaining in deportation proceedings, *held*, it was not improper to receive sworn statements taken by immigration inspector and his report.

3. **Aliens** ⟜54(10)—**Action of immigration officers in deportation proceeding in accepting earlier statement of witness held not arbitrary or unfair as matter of law.**

On habeas corpus to test validity of warrant for deportation of an alien, as employed in connection with a house of prostitution, *held*, that it cannot be said as matter of law that action of the officers in crediting the earlier, rather than the later, statement of the proprietress, was arbitrary or unfair.

4. **Aliens** ⟜54(13)—**Warrant of deportation held not rendered void by improper evidence, not seeming to have been considered by officials or to have affected their decision.**

Improper reception of letter in evidence in deportation proceeding will not render warrant of deportation void, where it does not seem to have been considered by the general board of review or the Secretary of Labor, or to have affected their decision.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Habeas corpus proceeding by Giovanni Ghiggeri against John D. Nagle, Commissioner of Immigration of the Port of San Fran-

cisco. From a judgment dismissing the petition, petitioner appeals. Affirmed.

R. M. J. Armstrong and Frank E. Powers, both of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. This is an appeal from a judgment dismissing a petition for writ of habeas corpus filed on behalf of the appellant, Giovanni Ghiggeri, an alien. The proceeding was brought to test the validity of a warrant issued by the Secretary of Labor for the deportation of Ghiggeri upon the ground that he is in the United States contrary to the Act of February 5, 1917 (Comp. St. § 4289¼jj), "in that he has been found employed by or in connection with a house of prostitution." Admittedly the appellant is an alien, and upon March 4, 1926, was in a house known as the Romolo Hotel, at 17 Romolo place, San Francisco, and further that this house was conducted by one Thelma Thompson. The immigration officers found that it was a house of prostitution, and that the appellant was employed to give assistance in operating it as such. Hence the warrant. While in the brief there are no clearly articulated assignments, appellant, in a general way, contends that he was denied a fair hearing and that the evidence is insufficient.

[1] It appears that on March 4, 1926, Patrick J. Farrelly, an immigration inspector, accompanied by one Simpson, a shipping master, went to the Romolo Hotel in search of a deserting alien seaman. They were admitted by appellant, who, after some delay and questioning, called for them Thelma Thompson from an adjoining room. They failed to find the missing seaman, but, believing the place to be a house of prostitution, and suspecting that appellant was illegally employed, the inspector forthwith took from Thelma Thompson a statement under oath in the form of questions and answers, to which her signature was attached. The following morning he took from Simpson and appellant statements in similar form. These statements, together with the inspector's report to his superior of what had occurred in his presence, were later used in the hearing as the principal proofs for the government. If they are competent, they are undoubtedly sufficient to authorize the warrant. For example, Thelma Thompson deposed that she was operating the place as a house of prostitution, and had been doing so

for three years; that appellant was employed to open the door for visitors, and then to call her, for which service she was paying him $40 a month. The circumstances related by Simpson and the inspector of what occurred are measureably corroborative.

[2, 3] Having in mind the settled doctrine that in such cases the strict rules of judicial procedure and of proofs do not prevail, we may note, as bearing both upon the competency of the evidence and of the fairness of the proceeding, that, as conceded by him, appellant was present when the Thompson woman gave her deposition on the night of March 4th, and overheard what was said, but made no protest or denial; that after his arrest he was advised of the charge against him, and was at all times represented by counsel; that the hearing was continued for his convenience in order to enable him to procure witnesses; that after his witnesses had testified, and the hearing had proceeded to a conclusion, apparently on the assumption on the part of both sides that the three depositions or statements and the inspector's report were in evidence, the examining inspector, being of the opinion that they should be formally introduced, offered them, whereupon counsel for the appellant stated: "I appear here upon behalf of the alien [appellant], who waives the right to be present personally, and consents that the record may be complete by introducing these statements which were used at the hearing." And to the question put by the inspector, "Do you wish to cross-examine any of the witnesses; if so, they are available?" counsel replied, expressly waiving such right.

At no stage of the proceedings is there manifest any disposition upon the part of the immigration officials to be unfair, and under the circumstances related, and the liberal rules obtaining in such cases, the evidence was not improperly received. Inasmuch as without the deposition of the Thompson woman the record would scarcely support the finding that the appellant was employed by her, the most serious question arises out of the fact that when, at the subsequent hearing, she was called as a witness for the appellant she testified directly that her deposition was false, and that in truth appellant had never been in her employ, or rendered her any service, and that, instead of paying him $40 per month, she received from him at the rate of $12 per month on account of room rent. But, whatever may be our view as to the weight we would give the testimony of such a witness in a judicial proceeding, considering all of the circumstances, we cannot say as a matter of

law that the action of the officers in crediting her earlier statement was arbitrary or unfair. [4] The letter from a police officer to the inspector should not have been received, but, in so far as appears, it does not seem to have been considered by the general board of review or the Secretary of Labor, or to have affected their decision. And it is well settled that a warrant of deportation is not necessarily rendered void by the reception of incompetent evidence. United States v. Tod, 263 U. S. 149, 157, 44 S. Ct. 54, 68 L. Ed. 221; Tang Tun v. Edsell, 223 U. S. 673, 681, 32 S. Ct. 359, 56 L. Ed. 606; United States v. Curran (C. C. A.) 12 F.(2d) 636.

The judgment is affirmed.