## Ex parte EMATSU KISHIMOTO.

### EMATSU KISHIMOTO v. CARR, District Director, U. S. Immigration Service.

Circuit Court of Appeals, Ninth Circuit.
May 27, 1929.

No. 5781.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Gwyn S. Redwine, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. This is an appeal from an order on habeas corpus proceedings remanding Ematsu Kishimoto to the custody of respondent for deportation, pursuant to warrant of deportation dated May 21, 1928, confirmed and ratified after further hearing by a subsequent order after hearing on October 4, 1928. The petition for the writ of habeas corpus and the appeal are based upon the contention that the proceedings for the respondent and before the Secretary of Labor were unfair. The appellant was arrested without a warrant on the 19th of April, 1928. While in custody in the city jail of Los Angeles county, and before he had secured counsel, he was interrogated in English by the immigration officers and stated in English under oath that he had last entered the United States near Calexico, Cal., in August, 1924. Telegraphic warrant was issued for his arrest Monday, April 23, 1928. On April 26, 1928, he reaffirmed his statement through a Japanese interpreter. He was then informed of his right to counsel and requested to be so represented, and the matter was continued until April 28. Counsel did not appear, and the matter was again continued until 10 a. m. April 30, 1928. The appellant then stated that he expected to be represented by counsel arranged for by his friends, but did not know their names and they had not appeared. The hearing proceeded, and appellant again reiterated his statement, then read to him, that he had last entered the United States in August, 1924. The attorneys now representing appellant filed notice of appearance April 30, 1928, and in order to give appellant the benefit of counsel the hearing was reopened May 1, 1928, and continued at the request of counsel. On May 4, 1928, the attorneys were furnished transcripts of all the testimony previously given, and were informed that the hearing would be resumed May 10 at 10 a. m. Counsel did not appear at that time, and the matter was continued until 2 p. m. Counsel again failed to appear, although they had been notified of the postponement from 10 a. m. until 2 p. m. and Attorney Bowen had agreed to appear. At 2:30 proceedings were resumed in the absence of counsel, and at the conclusion of the hearing deportation was recommended. On May 14, 1926, appellee transmitted to counsel a transcript of the testimony taken May 10, and advised them of their opportunity to present the matter by brief to the Department of Labor. On May 23, 1928, appellee received instructions to deport the appellant. Thereafter, upon being advised that the warrant and order of deportation would be executed July 8, 1928, appellant filed habeas corpus proceedings. These proceedings were dismissed upon consent of the Secretary of Labor to reopen the deportation proceedings. Thereafter the case was reopened and counsel were accorded a full and complete hearing. The matter was also presented by counsel before the Board of Review in Washington on October 4, 1928. The appellant was again ordered deported, and again applied for a writ of habeas corpus to the District Court, which, on February 8, 1929, made this order re-

manding the prisoner for deportation, and from this order this appeal was taken.

On the hearings where appellant was represented by counsel, he testified that he had entered the United States in 1921 and had remained therein continuously thereafter. Appellant claims that the order of deportation is erroneous because he had been present in the United States more than five years. His statements upon arrest, which he reiterated on April 26 and April 28, that he had last entered the United States in August, 1924, justified the contrary conclusion, and was sufficient basis for the order of deportation. Chan Wong v. Nagle (C. C. A.) 17 F.(2d) 987. Inasmuch as the petitioner was given repeated hearings by the respondent and by the Department of Labor while he was represented by counsel and was then permitted to present any evidence he desired and also to cross-examine all the witnesses against him, the claim of unfairness in the proceedings simmers down to the claim that it was an invasion of the appellant's right to a fair hearing to obtain a statement from the appellant while he was in custody and before he secured the services or advice of counsel. This position cannot be maintained. Chan Wong v. Nagle (C. C. A. 9) 17 F.(2d) 987; Plane v. Carr (C. C. A. 9) 19 F.(2d) 470.

The order is affirmed.