### Ex parte CAHAN.
### No. 9933.

District Court, S. D. California, Central Division.

July 2, 1930.

Bedkin & Lucas, of Los Angeles, Cal., for petitioner.

P. V. Davis, Asst. U. S. Atty., and Gwyn S. Redwine, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent.

McCORMICK, District Judge.

It is considered unnecessary to review in detail the facts of this proceeding. Suffice it to say that the alien Cahan petitions for his release through the writ of habeas corpus from an order of deportation issued against him by the Secretary of Labor, after appropriate hearings before the immigration officers and the Secretary of Labor. It was found by the immigration authorities that the petitioning alien had unlawfully entered the United States at San Ysidro, Cal., on or about May 1, 1929, in violation of the Immigration Act of February 5, 1917 (8 USCA § 155), and the similar Act of 1924 (8 USCA §§ 213, 214), in that he entered our country at said time without inspection, and that, at the time of his entry, he was not in possession of an unexpired immigration visa.

It is contended that his unlawful entry at said time was not proven by any competent evidence, and, further, that he was not accorded a fair hearing by the immigration authorities. In my opinion, neither of said contentions is sufficiently sustained by the record, which consists of the original file of the proceedings before the immigration officers, or by applicable decisions of the federal courts. It has been so often held that the power of the court in habeas corpus proceedings, wherein a deportation order of the Secretary of Labor is involved, is limited to the determination of whether there was any competent evidence to justify the Secretary's action, and whether the hearings accorded alien were unfair, that citation of authority is deemed surplusage. See Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938. If there be any competent evidence that supports the conclusion of the immigration officers, their determination is made conclusive upon the court. I find evidence in the file in support of the decision of the immigration authorities and Secretary of Labor. The alien's admissions to the officers at the preliminary investigations, if credible and not unfairly obtained from him, establishes unlawful entry about May 1, 1929.

It is true that there is a conflict as to whether the alien was under the influence of intoxicating liquor at the time he made such admissions. These conflicts were solely for the decision of the immigration authorities, and their finding thereon adverse to the petitioner is not subject to review by the court in habeas corpus proceedings. It is not a question of whether a judicial agency would have reached the same conclusion but whether or not there is any evidence that warrants the finding of the executive department to which Congress has delegated such matters.

At the hearings the testimony of the alien's wife that petitioner told her that he had been in Mexico was offered and received over the objection of alien's counsel. It is doubtful whether the wife's evidence is competent in deportation proceedings against her husband before the immigration authorities. The practice of producing one spouse in deportation proceedings against the other is to be discouraged and should be avoided, except in those cases where the statute expressly authorizes it. There is no doubt but what Mrs. Cahan would be an incompetent witness if the hearings were judicial, but proceedings before immigration authorities

are not judicial, but are administrative, and the strict rules of legal evidence applicable in judicial matters would not apply in deportation inquiries before immigration authorities. See Ghiggeri v. Nagle, etc. (9 C. C. A.) 19 F.(2d) 875. United States v. Curran (2 C. C. A.) 12 F.(2d) 639. However, the practice of calling the husband or wife is dangerous, and might bring about a situation that would render a hearing unfair as to avoid it. In view of other independent evidence, wholly disassociated with the wife's testimony, I do not feel that her production or the use of her evidence rendered this hearing so unfair as to impair its validity here. It has been thoroughly settled by the decisions of the Circuit Court of Appeals of the Ninth Circuit that the fact that the alien did not have the benefit of counsel or opportunity to procure counsel at the preliminary investigation does not render the hearing unfair. See Kishimoto v. Carr (9 C. C. A.) 32 F.(2d) 991. Plane v. Carr (9 C. C. A.) 19 F.(2d) 470. Chan Wong v. Nagle (9 C. C. A.) 17 F.(2d) 987. The introduction of incompetent evidence does not ex necessitate render the hearing unfair. Bilokumsky v. Tod, 263 U. S. 157, 44 S. Ct. 54, 68 L. Ed. 221. Choy Gum v. Backus (9 C. C. A.) 223 F. 492.

At the hearing of the order to show cause before the immigration authorities, the alien was represented by counsel; was permitted to inspect the record of the evidence previously obtained; was given the right to cross-examine witnesses; was permitted to introduce evidence in his own behalf; his counsel was given the right to file brief and submit argument; and no right seems to have been denied alien that would fairly present his status. It is probably true that the immigration inspectors were overly zealous in offering evidence of the wife of the alien and of financial transactions with other women which were not to the credit of the alien, but in my opinion such matters are not of sufficient gravity in this proceeding to characterize the hearings before the immigration officers as unfair. In order to reach a conclusion of unfairness here, it would be necessary for this court to consider the credibility of the witnesses whose testimony was competent; to weigh conflicting evidence of such witnesses; to evaluate proof that is not inherently improbable; and to exercise in habeas corpus proceedings in deportation matters the functions and powers of an appellate court. We have no such rights under well-settled rules in examining executive orders, such as that under consideration herein.