The record showing no reversible error, the judgment is affirmed.

**NG KAI BEN v. WEEDIN, Immigration Com'r.**

**No. 5652.**

Circuit Court of Appeals, Ninth Circuit.

Oct. 27, 1930.

Fred H. Lysons, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, of Seattle, Wash., on the brief), for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

The petition of the appellant for writ of habeas corpus was denied by the District Court for the Western District of Washington, Northern Division, and he appeals from that order. The appellant, when 9 years of age, was admitted to the United States at Seattle on May 8, 1923, as the minor son of Ng See Jow, also known as Ng Yuen Lip, a domiciled Chinese merchant of Seattle. On December 6, 1927, an inspector of the immigration service found the appellant in a laundry operated by Ng Sing. Both were arrested for being unlawfully within the United States. A department warrant was issued thereafter for the arrest of the appellant, and thereafter he was ordered deported on the ground that his entry and certificate of identity were procured by fraud. At the time of the arrest, Ng Sing, laundryman, in whose custody appellant was found and with whom he had been living from July, 1923, testified that the appellant was his son. On the next day the appellant testified before the inspector that his name was Ng Set Yow, that Ng Goon Sing was his father, and that he lived with his father at Port Ludlow, Wash., all the time from about two months after his admission in 1923. Ng Goon Sing again stated on December 7 that the appellant was his son. Appellant testified that Ng

Yuen Lip was the man who brought him to the United States, but that he did not think that Ng Yuen Lip was his father. It appears that Ng Yuen Lip, two days after the appellant was admitted into the United States, on May 10, 1923, applied for return certificate to go to China, and left May 26, 1923, and has remained there ever since. At the time of the hearing under the warrant of arrest January 24 and 25, 1928, the appellant denied that he had ever testified that his name was Ng Set Yow and claimed that Ng Yuen Lip, who brought him to this country, was his father. He gave as his reason for stating upon his arrest that Ng Goon Sing was his father that he had been told by some man in Port Ludlow that he would be arrested unless he did so. Ng Goon Sing also testified that he was not the father of the appellant, and that he had testified that appellant was his son because he was angry at the appellant for, as he believed, causing his arrest. It is evident that, if the statements made to the inspector by the appellant and the man with whom he was living were properly before the immigration authorities for their consideration, this court cannot interfere with the action of the immigration authorities on the ground that the appellant has not had a fair hearing. That such statements can be considered and may justify a deportation notwithstanding a subsequent change of testimony was decided by this court in Ghiggeri v. Nagle, 19 F.(2d) 875. It is contended, however, by the appellant that the statement made by appellant and by Ng Goon Sing were not properly obtained, and could not therefore be used against the appellant upon his final hearing, at which time he changed his testimony. Appellant cites an opinion by Judge Sanborn of the Eighth circuit, Ungar v. Seaman (C. C. A.) 4 F.(2d) 80, in support of this contention.

The record shows that on December 7, 1927, J. P. Sanderson, examining inspector, Edith M. Easter, junior clerk, and Jick Chan, interpreter, were present with the appellant. At that time the inspector stated to the appellant: "You are advised that I am a United States immigrant inspector and as such have authority to take testimony concerning aliens. Are you willing to give me a sworn statement concerning your personal history?" to which appellant answered, "Yes". Thereupon he was sworn and testified as hereinbefore stated. Ng Sing, similarly examined the day before, was informed by Inspector Sanderson that he was an immigrant

inspector and had authority to take testimony concerning aliens and Chinese. He said: "I wish to take testimony from you now concerning your personal history. Are you willing to give me such a statement?" The witness answered, "Yes," and was thereupon sworn. On January 24, 1928, the appellant appeared with his attorney before the same examining inspector. The attorney for the appellant stated: "The inspector, through the interpreter, having read and explained to the defendant (appellant) his testimony given to the Immigration Department on December 7, 1927, this having been done without objection and as preliminary to his formal hearing, I request that as part of said preliminary proceeding there be likewise read and explained to the defendant his statement and testimony of the Immigration Department of May 7, 1923." This application was denied.

It is held by the Circuit Court of the First Circuit in Ah Lin v. United States (C. C. A.) 20 F.(2d) 107, that, where testimony was taken by an inspector under circumstances similar to those surrounding the taking of testimony of the applicant and of Ng See Jow, such statements were properly admissible at the subsequent hearing before the United States commissioner upon hearing for deportation. And in the same court in the case of Charley Hee v. United States, 19 F. (2d) 335, 336, it appeared that a Chinese inspector had arrested a Chinaman without a warrant or process of any kind while he was at work at his laundry and took him to a police station and proceeded to question him in the presence of an interpreter and stenographer. He was held thereafter without a warrant until the succeeding Monday. It is said:

"The defendant's statement made at this time was admitted in evidence against him, not being objected to by his counsel at either hearing. He now contends for the first time that it should have been excluded and disregarded * * * and if used against him in administrative proceedings, where the tribunal itself is charged with the duty of safeguarding the defendant's rights would vitiate the result."

In view of the absence of any objection to such testimony, however, a majority of the court sustained the order of deportation. In each of these last-mentioned cases the appellant claimed to be a citizen of the United States of Chinese descent. See, also, Quon Quon Poy v. Johnson, 273 U. S. 352, 47 S. Ct. 346, 71 L. Ed. 680.

If in a proceeding before a court the failure of counsel to object to the introduction of statements made under the circumstances of duress precludes a reversal of such case because such testimony is erroneously objected to, it would seem to follow that, where such statements were admitted before an administrative board without objection by the person against whom the evidence is elicited, the court could not say that the appellant had been ordered deported without due process of law because of the admission of such testimony to which he made no objection. Under the decisions of the Circuit Court of Appeals of the First Circuit, which we accept as a correct exposition of the law, the judgment of the District Court must be affirmed.

Judgment affirmed.

WEBSTER, District Judge, concurs.