**EVANOFF et al. v. BONHAM, District Director of Immigration.**

No. 6375.

Circuit Court of Appeals, Ninth Circuit.

June 15, 1931.

Irvin Goodman, of Portland, Or., for appellants.

George Neuner, U. S. Atty., of Portland, Or., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

Appellants are aliens detained under a warrant of deportation. They filed petitions for writs of habeas corpus in the United States District Court for the District of Oregon. In response to these writs, R. P. Bonham, the District Director of Immigration at Portland, Or., filed answers and returns, to which petitioners filed reply. Upon the hearing the petitions were dismissed. Separate appeals are taken from this order of dismissal which by stipulation are to be heard on a single transcript. The warrants of deportation are based upon the finding of the immigration authorities that the petitioners are members of "an organization, association, society or group that believes in, advises, advocates and teaches the overthrow by force and violence of the government of the United States."

The petitions for the writ of habeas corpus were based upon the ground that the appellants did not have a fair trial before the immigration authorities. In this regard the petition alleges that, while the petitioners

were imprisoned and restrained by the police of the city of Portland, Multnomah county, Or., they were required to give testimony and answer questions propounded by the immigration authorities without being first informed of their legal right to counsel, and without obtaining counsel and without being notified of the nature of the charges filed against them by the Department of Labor. The petitioners allege that they answered the questions propounded through fear and duress. It was alleged that at the subsequent hearing before the appellee the evidence so taken was introduced against the petitioners, and that, when said questions and answers so obtained were offered in evidence at the hearing, they were objected to by appellants' counsel upon the aforementioned ground. It is also alleged in the petition that six additional charges were specified at the beginning of the hearing. It is alleged further that, prior to being questioned by the immigration authorities while in custody of the police, appellants' attorney was not permitted to interview the petitioners. It is further alleged that there was no legal testimony whatever offered at the time of the hearing before the immigration authorities that the petitioners were guilty of the charge specified in the warrant, "except that he was a member of the Communist party of the United States which said membership, obtained from me in violation of law as hereinbefore alleged, is not a violation of the laws of the United States. * * * and that there was not offered or introduced at my said hearing any legal testimony whatsoever that I ever, at any time committed any overt act of force and violence, or either, against the Government of the United States or any other Government."

In the return filed in response to the order to show cause, the appellee alleged that a hearing was conducted before the immigration authorities from the 7th to the 13th day of October, 1930; that the hearing was had for the purpose of determining whether or not the petitioners were liable to deportation on the charge specified in the warrant. It is alleged that the proceedings were conducted in all respects in conformity with the rules of the United States Department of Labor: "that said petitioners' counsel was given an opportunity to, and did cross-examine witnesses testifying at the said hearing, and was permitted to introduce evidence and given an opportunity to show cause why he should not be deported, and for the purpose of showing that he had not violated the Immigration Act of October 16, 1918, as amended, as aforesaid. That no hearsay testimony was introduced at the said hearing."

It is further alleged that evidence was introduced at the said hearing to show that the petitioner is an alien and a member of an organization denounced by the Immigration Act (8 USCA § 137) and specified in the warrant for deportation hereinbefore referred to. It is further specified "that the original record of said hearing and exhibits therein received are hereby referred to and by reference incorporated herein, to be presented and filed in court in this cause"; that this complete record was transferred to the Commissioner General of Immigration of the United States in conformity with the immigration laws of the United States for his consideration; and that thereafter on the 5th day of December, 1930, the Secretary of Labor decided that the petitioner, an alien in the United States, believes in, advocates, and teaches the overthrow by force and violence of the government of the United States, and is a member of an organization, association, society, or group that believes in, advocates, and teaches the overthrow by force and violence of the government of the United States, etc. It is alleged "that the said hearing was fair and impartial, properly and regularly conducted as disclosed by the exhibits filed herein and the testimony duly and regularly transcribed was reasonably sufficient to satisfy and did satisfy the proper authorities as to the merits of the Government's claim that the petitioner should be deported"; that the return was traversed by a reply denying the whole thereof, "save and except as admitted or alleged in petitioners' petition for writ of habeas corpus and exhibits attached thereto." It is further alleged in petitioners' reply on information and belief that, at the close of petitioners' hearing before R. P. Bonham, said R. P. Bonham went to Washington and consulted the Department of Labor concerning the rendition of its decision in petitioners' case in violation of due process of law.

The trial judge states: "That there was evidence before the Department to support its findings is manifest from an examination of its record, and its findings are binding on the court in this proceeding whether it agrees with the conclusions reached or not."

The assignments of error are based upon the examination of the petitioners by the immigration authorities while they were in the custody of the police at Portland and the sub-

758

sequent reception into evidence upon their hearing before the District Director of Immigration of the questions and answers so taken. Other assignments are based upon the addition of six charges to those specified in the warrant during the hearing before the appellee on or about October 7, 1930.

It is stipulated that, upon appeal, the record should be printed in the case of Evanoff only, and that the decision against the other appellants should be reviewed upon that record. It is further stipulated "that there be omitted from said transcript the record of the hearing and the exhibits referred to in the answer and return of appellee and by reference made a part of said answer and return."

In view of these stipulations, we must assume on this appeal in support of the order of the District Court that there was ample evidence presented before the appellee to sustain the charges against the petitioners, and that they were given a fair hearing, nor can it be said under this record that the appellants objected on the hearing to the introduction of the answers elicited upon the examination by the immigration authorities while they were in custody. They do so allege in their petition, and then repeat that allegation by reference in their reply to the return, but, in the absence of evidence in the record upon that subject, we must assume in support of the action of the trial court that this allegation was not sustained. It is well settled by the decisions of this court that the questioning of an alien in custody before he procures an attorney is not a violation of due process of law, where subsequently there was a full and fair hearing at which the petitioner was represented by counsel and had full opportunity to cross-examine the witnesses against him and to present witnesses on his own behalf. Chin Shee v. White (C. C. A.) 273 F. 801; Chan Wong v. Nagle (C. C. A.) 17 F.(2d) 987; Plane v. Carr (C. C. A.) 19 F.(2d) 470; Ex parte Ematsu Kishimoto (C. C. A.) 32 F.(2d) 991; Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221. In the absence of objection to their introduction at the hearing, it is clear that admission of statements so procured does not render the subsequent hearing unfair in violation of the constitutional requirement of due process of law. Ng Kai Ben v. Weedin (C. C. A.) 44 F.(2d) 315; citing Ah Lin v. U. S. (C. C. A.) 20 F.(2d) 107; United States ex rel. Vajtauer v. Commissioner, 273 U. S. 103, 47 S. Ct. 302, 71 L. Ed. 560.

Orders affirmed.