**GRECO v. HAFF, Commissioner of Immigration.**

No. 6807.

Circuit Court of Appeals, Ninth Circuit.

March 13, 1933.

James F. Brennan, Nathan Merenbach, and George De Lew, all of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal. (Arthur J. Phelan, U. S. Immigration Service, of San Francisco, Cal., on the brief), for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from an order denying appellant's petition for a writ of habeas corpus. Appellant is a subject of Italy and has been a resident of this country for a period of approximately twenty years. September 11, 1930, he was arrested by an immigration inspector at San Francisco and questioned. The following day a warrant for the arrest of appellant was issued by the Secretary of Labor, reciting: "That he is a member of the Communist party of the United States of America, an organization that believes in, advises, advocates, and teaches the overthrow by force or violence of the government of the United States, and which circulates, distributes, publishes and displays printed matter, advising, advocating, and teaching the overthrow by force or violence of the government of the United States."

October 1, 1930, a hearing was conducted by the immigration inspector who made the application for the warrant of arrest. Appellant was represented by counsel and testimony was taken for the purpose of showing that he was in the United States in violation of the Immigration Act of 1918, as amended by the Act of 1920 (8 USCA § 137). The evidence tended to show that appellant, although not a Communist or a member of the Communist Party, was a member of the Trade Union Unity League, in San Francisco. At this hearing appellant testified that he had withdrawn from the latter organization prior to his arrest, and now contends that he cannot be deported because he was not then a member. However, at the preliminary hearing on September 11, 1930, he testified as follows:

"Q. Are you a member now of the Trade Union Unity League? A. Yes.

"Q. When did you join the organization? A. In January, this year. * * *

"Q. Are you in sympathy with the objects of the Trade Union Unity League? A. I belong to them. * * *

"Q. Can you explain how it is that when you were taken into custody you stated that you were not a member of the Trade Union Unity League? A. It just happened.

"Q. Why did you deny your membership in the Trade Union Unity League? A. I had no reason at all. * * *

864

"Q.. Are you loyal to the principles of the Trade Union Unity League, or are you loyal to the government of the United States? A. Yes, I am loyal to the Trade Union Unity League and I am a good member."

This admission of membership in the Trade Union Unity League appellant retracted at the hearing on October 1, 1930, and testified that he had withdrawn from the organization prior to his arrest; that he had not paid any dues therein for three or four months prior to his arrest; and that he had joined the organization under a mistaken belief as to its true nature.

"Q. What did you understand this organization that you joined—what kind of an organization did you think this was that you joined, this Trade Union Unity League? A. I thought it was a union like all the rest of them, for better conditions and better pay.

"Q. Did you think at that time that it believed in, advised, advocated or taught the overthrow of the Government of the United States by force or violence? A. No, I never understood that.

"Q. Did you believe that it was an organization that circulated, published, printed or displayed printed matter advising, advocating or teaching the overthrow by force or violence of the Government of the United States? A. No.

"Q. You just thought it was a union like any other union? A. I thought it was a union like all the rest of them."

■ We would not be justified in disturbing the finding, based on this conflicting testimony, that appellant was a member at the time of his arrest. Prentis v. Seu Leung (C. C. A. 7) 203 F. 25, 28; Ghiggeri v. Nagle (C. C. A. 9) 19 F.(2d) 875, 876; Ng Kai Ben v. Weedin (C. C. A. 9) 44 F.(2d) 315, 316.

■■ Nor can we disturb the finding that the Trade Union Unity League is an organization which advocates the overthrow of the government of the United States by force or violence, because at the hearing certain exhibits, consisting of printed pamphlets, were introduced in evidence but have not been incorporated in the record on appeal, and counsel for appellant failed to avail themselves of an offer by the government to stipulate that the exhibits be sent here. We are therefore precluded from reviewing this finding

[Evanoff v. Bonham (C. C. A. 9) 50 F.(2d) 756] ; and the presumption is that the exhibits are not helpful to appellant's cause [Jurgans v. Seaman (C. C. A. 8) 25 F.(2d) 35, 36].

At the conclusion of the hearing, the following additional charge was placed against appellant: "In addition to the charges contained in the warrant of arrest, the following additional charges are now placed against you, to wit: That you are affiliated with the Communist Party of the United States of America, the Trade Union Unity League and the Red International of Labour Unions, which organizations believe in, advise, advocate and teach the overthrow by force or violence of the government of the United States, and which organizations circulate, distribute, publish and display printed matter advising, advocating and teaching the overthrow by force or violence of the government of the United States."

■ It is now contended that this additional charge rendered the hearing unfair. That this contention is without merit is apparent from the following excerpt from the record, immediately following the recitation of the additional charge just quoted:

"Q. Have you anything to say as to why you should not be deported on those charges? A. (by Attorney Brennan). In response to the question just asked, we submit that we have made our showing." (Ten days allowed to file brief.)

In the following cases, somewhat similar procedure was held not unfair: Siniscalchi v. Thomas (C. C. A. 6) 195 F. 701, 705; Gonzales v. Zurbrick (C. C. A. 6) 45 F.(2d) 934, 936; Murdoch v. Clark (C. C. A. 1) 53 F.(2d) 155, 156.

Other assignments of error, relating to appellant's mistaken belief as to the nature of the organization, the illegality of his arrest, and unfairness in the conduct of his hearings, are likewise without merit, and have been overruled in many cases, including, in addition to the cases already cited, Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165; Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221; Vilarino v. Garrity (C. C. A. 9) 50 F.(2d) 582; Kjar v. Doak (C. C. A. 7) 61 F.(2d) 566.

Affirmed.