MATTER OF F——S——C——

In DEPORTATION Proceedings

A-3409248

*Decided by Board August 11, 1958*

**Narcotic drug addict—Section 241(a)(11) of 1952 act—Sufficiency of evidence—Distinction between addict and user.**

Alien's pre-hearing statement, later repudiated, held insufficient to establish deportability as narcotic drug addict under section 241(a)(11) of act where 2 doctors expressed opinions that alien was not a confirmed drug addict and evidence was otherwise lacking to show that he was an "addict" as distinguished from a mere "user."

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—At any time after entry has been a narcotic drug addict.

### BEFORE THE BOARD

**Discussion:** The case comes forward on appeal from the order of a special inquiry officer dated March 31, 1958, directing that the respondent be deported on the ground set forth in the order to show cause.

The facts are fully set forth in the decision of the special inquiry officer. The record relates to a native and citizen of China, approximately 58 years old, male, who testified that he first entered the United States at the port of San Francisco, California, in May 1922 as a student. He last entered the United States at the port of Seattle, Washington, ex SS. *President Jefferson,* on December 15, 1931, and was admitted upon presentation of a reentry permit after an absence from the United States since December 1930.

The case for deportation is mainly predicated upon a sworn statement made by the respondent on September 10, 1957, before a Service investigator. Counsel has strenuously objected to the admission of this statement in evidence. However, there is no doubt that the statement is admissible under the regulations (8 CFR 242.14(c)). There is no requirement that the alien be advised of his right to refuse to answer and to have counsel during the course of a preliminary interrogation nor to be advised concerning his right to claim protection of the Fifth Amendment (*United States*

*ex rel. Bilokumsky* v. *Tod*, 263 U.S. 149; *Thompson* v. *United States*, 10 F.2d 781; *Plane* v. *Carr*, 19 F.2d 470, cert. den. 275 U.S. 545; *Ex parte Cahan*, 42 F.2d 664, cert. den. 283 U.S. 862; *Matter of B——R——*, A–4690755, 4 I. & N. Dec. 760, 763).

In the sworn statement the respondent stated that he had been a user of morphine for about 5 years and on several occasions tried to get away from this habit, seeking the assistance of several doctors, and that subsequently he went to a small town to attempt to break the habit but being unsuccessful turned himself over to the Lexington Hospital for narcotic users where he remained for about 2 weeks. He stated that he was a voluntary patient at Lexington; that he had been a drug addict for about 5 or 6 years prior thereto; and that he had inserted morphine mixed with sugar in his arm, displaying old scars. He stated that he used the drug upon arising in the morning and before he would go to sleep at night. He was asked whether he bought the morphine from a prescription that was given him by a physician because of some ailment and replied in the negative, that he had bought it through illegitimate sources. He claims not to have used any narcotic drugs since April 15, 1957, and that he has enjoyed good health since his release from the hospital at Lexington. He also stated that he had been steadily employed as a chef prior to going to Lexington.

At the deportation hearing, upon examination by his attorney, the respondent again testified that he had been steadily employed as a restaurant cook and that he had never been a narcotic addict. He claimed that he had never even been a steady user of morphine nor an habitual drug user but that he used drugs in connection with an illness in the nature of piles to relieve a painful burning sensation. He stated that he received prescriptions for the narcotic drugs from 2 doctors, whose names he could not at first remember but then later named the doctors, one in Indianapolis and one in Chicago, the latter being deceased. He was not able to further identify the first doctor. His attention was called to the fact that in the sworn statement he did not mention that he had a prescription from a doctor and he explained that he thought the investigator was asking about the occasions he bought through illegitimate sources. He further stated that he was following instructions from the doctor when administering the morphine to himself. He also explained that he thought the questioning regarding the use of morphine in connection with an injury or sickness and the need of this drug to relieve pain, which he had answered in the negative, referred to whether he had an order on his person at that time but that when he first started he did have an order from a doctor. The respondent admitted that he was a voluntary patient at the Lexington Hospital as indicated in his sworn statement.

109

The respondent submitted letters from 2 physicians expressing the opinion that respondent was not a drug addict. One of the doctors, a surgeon for the Chicago Police Department handling cases of the narcotic unit, expressed the opinion based upon the writer's experience that the respondent is not a confirmed narcotic addict but only an occasional user. The respondent testified that he had seen this doctor on 8 or 10 occasions as a personal physician. A second doctor, who treated the respondent in March 1957 and again in January 1958, sets forth that he had occasion to observe respondent quite a few times during these 2 periods, that in his opinion the respondent was not addicted to narcotic drugs and that at the present time he finds no evidence of narcotic addiction.

Deportation of the respondent is sought under section 241(a)(11) of the Immigration and Nationality Act on the ground that after entry he has been a narcotic drug addict. The term "narcotic drug addict" is not defined in the act but recourse has been had to the definition of the term "addict" as used in 42 U.S.C.A. 201(k) which reads as follows:

The term "addict" means any person who habitually uses any habit-forming narcotic drugs so as to endanger the public morals, health, safety, or welfare, or who is or has been so far addicted to the use of such habit-forming narcotic drugs as to have lost the power of self-control with reference to his addiction.

This definition was quoted with approval in *Matter of K—— C——B——*, A-5462239, 6 I. & N. Dec. 374, which noted that the definition appeared to be in accord with judicial decisions which recognized that one may be a user without being an addict.[1]

Under the prior Act of February 18, 1931, as amended by sections 21 and 22 of the Alien Registration Act of 1940 (8 U.S.C. 156a), relating to deportation for a narcotic conviction, the addict was an exception to the proscription of the deportation statute and the burden of proving that he was within the exception as an addict who was not a dealer or peddler was upon the alien.[2] However, under the present statute, section 241(a)(11) of the Immigration and Nationality Act (8 U.S.C. 1251(a)(11)), a narcotic drug addict falls within the scope of the deportation statute and the burden of proof is upon the Service to establish deportability by a preponderance of reasonable, substantial and probative evidence.

In the present case the only evidence against the respondent is the admissions he made in the sworn statement to a Service investigator of September 10, 1957. At the hearing under questioning by counsel he has repudiated or explained some of the statements

---

[1] *Matter of B——*, A-6815221, 3 I. & N. Dec. 620; *Mow v. McGrath*, 101 F. 2d 982; *Ex parte Eng*, 77 F. Supp. 74.

[2] *Matter of V——*, 56073/670, 1 I. & N. Dec. 160; *Wong Hong Jim v. Carmichael*, 115 F.2d 529; *Nicoli v. Briggs*, 83 F.2d 375.

made by him and has claimed that his original use of narcotic drugs was upon prescription issued by 2 doctors to relieve rectal pains and that his method of administering the drug was in accordance with the prescription. In the sworn statement he stated he was a voluntary patient in the Lexington Hospital in April 1957 but that he was discharged after 2 weeks. The hospital record or history was not made a part of the evidence of record and, indeed, under the provisions of 42 U.S.C.A. 260(d), the record of such voluntary commitment is confidential and is not to be divulged. The respondent has not consented to the release of such hospital record. In view of the fact that the respondent was discharged after 2 weeks, it is not believed that any conclusion as to addiction can be drawn from his 2 weeks' stay at the hospital at Lexington, particularly in the absence of the hospital history.

The respondent has also submitted letters from 2 physicians who have treated him; while one categorizes him as a narcotic user, both doctors rule out addiction to narcotic drugs. It is true that these letters do not include any case history but they do represent the opinion of 2 physicians who have been in contact with the respondent on a number of occasions. The respondent claims not to have used narcotics since April 1957 and there does not appear to be any evidence of withdrawal symptoms. In addition, in view of the technical definition of addiction in 42 U.S.C.A. 201(k), it is not believed that the respondent's admission that he was an addict is a sufficient basis upon which to predicate a determination of narcotic drug addict so as to warrant a finding of deportability thereon.

After a careful review of all the evidence of record, it is believed that the present evidence of record leaves us in doubt on the matter of addiction and does not constitute a preponderance of evidence which is reasonable, substantial and probative upon which to base a finding of addiction so as to render the respondent deportable under the provisions of section 241(a)(11) as a narcotic drug addict. Accordingly, the proceedings will be terminated.

**Order:** It is ordered that the proceedings be and the same are hereby terminated.