## WONG HONG JIM v. CARMICHAEL.

### No. 9528.

Circuit Court of Appeals, Ninth Circuit.

Nov. 15, 1940.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for appellant.

Wm. Fleet Palmer, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN and MATHEWS, Circuit Judges, and McCORMICK, District Judge.

DENMAN, Circuit Judge.

This is an appeal from an order denying the alien appellant release on a writ of habeas corpus and remanding him to the custody of the Immigration authorities. The Immigration Bureau had issued a warrant charging that appellant was subject to deportation under the Act of February 18, 1931, 46 Stat. 1171, 8 U.S.C.A. § 156a in that: "He is in the United States in violation of the act of February 18, 1931, in that since February 18, 1931, he has been convicted and sentenced for violation of (or conspiracy to violate) a statute of the United States taxing, prohibiting, or regulating the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, or any salt, derivative, or preparation of opium or coca leaves, and is not within any exception to the aforementioned act."

The alien was taken into custody under the warrant at Ventura, California, March 11, 1938, and granted a hearing. This hearing was continued to give him an opportunity to secure counsel. At the various hearings held thereafter the alien was represented by counsel. Transcript of the entire record was then forwarded to the Department in Washington where it was reviewed by a Board of Review. The appellant was represented before said Board by a Washington attorney.

Appellant contends that he is an addict to the use of opium, that he was merely in possession of opium he was smoking at the time of the crime of which he was convicted, and not a dealer or peddler in narcotics. Hence he claims he cannot be deported, but comes within the exception of the Act of February 18, 1931, now a part of the U. S. Code, as Section 156a of Title 8, reading: "156a. *Deportation of aliens engaged in narcotic traffic.* Any alien *(except an addict who is not a dealer in, or peddler of, any of the narcotic drugs mentioned in this section)* who, after February 18, 1931, shall be convicted and sentenced for violation of or conspiracy to violate any statute of the United States taxing, prohibiting, or regulating the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, or any salt, derivative, or preparation of opium or coca leaves, shall be taken into custody and deported in manner provided in sections 155 and 156 of this title." (Emphasis supplied.)

Under this provision appellant had on him the burden of proving two things, (1) that he was an addict, and (2) that he was not a dealer in or peddler of narcotic drugs. It is sufficient to consider only this contention as to his first burden of proof.

At the hearing before the examining board, appellant was examined at length and he described his use of opium in past years, his long cessation of the use and his first smoke at the time of his apprehension. He testified squarely he was not an addict and the examining board so found. Subsequently he moved to reopen the hearing to introduce evidence of his drug addiction. This was addressed to the discretion of the Board, which denied the motion. On appeal to the Board of Review the decision that appellant was not an addict was specifically confirmed.

Appellant contends that the refusal to reopen the hearing for further evidence was such an abuse of the Board's discretion we must set aside its decision. To do this would require our consideration of the weight of appellant's testimony as against that he proposed to introduce—thus involving the imponderable of the demeanor of the appellant before the trying administrative tribunal. This we cannot do. "The detec-

tion and appraisal of such imponderables are indeed one of the essential functions of an expert administrative agency." International Association of Machinists, Tool and Die Makers Lodge No. 35, v. National Labor Relations Board, 61 S.Ct. 83, 85 L.Ed. ——, decided November 12, 1940.

The order discharging the writ and remanding the prisoner is affirmed.

Affirmed.